[No. 14808.  Department Two.  July 3, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
HENRY SEABLOM, *Appellant.*[1]

CRIMINAL LAW—EVIDENCE—CONFESSIONS—DURESS. An accused's voluntary confession, deliberately signed, is not tainted with duress or coercion from the fact that when arrested he was taken before the mayor, who was a justice of the peace and attorney, and the deputy sheriff, the prosecuting attorney and others.

INTOXICATING LIQUORS — OFFENSES—UNLAWFUL POSSESSION — EVIDENCE—SUFFICIENCY. A conviction of the unlawful possession of whiskey is sustained, though accused testified it was found to be only colored water, where he obtained it from a drug store at the agreed price for whiskey, approximately the same amount of whiskey disappeared from the store, and the accused signed a confession that he got the whiskey.

CRIMINAL LAW—TRIAL—REMARKS BY COURT. In a prosecution for the illegal possession of whiskey, it is not prejudicial error for the judge to say that the court never ordered a witness not to tell the

[1]Reported in 173 Pac. 721.

truth, when the prosecutor asked whether another implicated with the accused "came up on the stand, under the order of the court, and refused to tell the truth."

Same. Upon sustaining objection to improper evidence it is not error for the court to indicate or mark the boundary between testimony that is competent and that which is not.

Same—Appeal—Harmless Error. In a prosecution for illegal possession of whiskey, it is harmless to instruct to convict if the liquors were by the accused purchased, "stole" or secured in any way, where it was admitted that what he had was stolen.

Same—Trial—Instructions. In a prosecution for illegal possession of whiskey, an instruction to consider statements of a witness not made on the witness stand only for the purpose of affecting his credibility is not error as calling attention to such witness, who had been tried and convicted for the same offense.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 3, 1917, upon a trial and conviction of violating the prohibition law. Affirmed.

*J. Y. Kennedy*, for appellant.
*Lloyd L. Black* and *Jesse H. Davis*, for respondent.

Chadwick, J.—Accepting a statement made by appellant to the officers after his arrest, and to which we shall hereafter refer, and other testimony the competency of which is not challenged, it is made to appear that one J. L. Randles was, at and prior to the 11th day of April, 1917, engaged in the drug business at Granite Falls, in Snohomish county. He had in his employ one Harry Wallin. Appellant had met up with Wallin in Seattle some days before, and it was arranged that Wallin would sell to defendant thirty-five gallons of whiskey at $5.50 per gallon. The time fixed for the delivery was on the night of April 11, Wallin agreeing that he would have the whiskey packed in containers for shipment by automobile, and that he would so arrange the store and its interior as to make

it appear that a burglary had been committed, to deceive the proprietor, Mr. Randles, who was out of town at the time, and the officers. Appellant employed one Johnson, a driver of an "auto for hire," to take him to Granite Falls. They found Wallin. The containers with their contents were loaded in the machine and carried to Woodland Park, Seattle, and there concealed. Appellant was thereafter arrested, tried and convicted of the crime of having in his possession intoxicating liquor with intent to barter, sell, exchange, etc., in the course of trade.

Before taking up other assignments of error, it will be proper to refer to the confession of appellant. It is contended that it was obtained under the coercion of "numbers, superior talent and ability, and legal knowledge." Appellant, when arrested, was brought into the presence of the mayor of Granite Falls, who was, at the same time, a justice of the peace and an attorney at law, the chief deputy sheriff, also a lawyer, the prosecuting attorney and others, who took his confession and reduced it to writing. It was then signed by appellant. We find nothing in this circumstance to taint the transaction with duress or coercion. The confession, so far as the testimony of the state is concerned, was made voluntarily, and deliberately signed. While we hardly think the question is in issue, if it were, the court instructed the jury to reject the confession as evidence if it found that it "was made under the influence of fear induced by threats." It being at best a disputed question of fact, the verdict of the jury concluded appellant to pursue the question further.

Appellant complains that the state has failed in its proofs, in that it is not shown that the goods transported were, in fact, whiskey. This contention rests entirely upon the testimony of appellant and his co-

defendant. He says that, after reaching Woodland Park, he investigated the contents of the containers and found them to contain colored water. It was, indeed, incumbent upon the state to prove the charge as made, but we think there is enough competent evidence to sustain the verdict. Mr. Randles testified that he had on hand, on April 11, approximately thirty-six gallons of whiskey in a barrel. That, when he examined the barrel on the 12th, only about two gallons remained. It is not denied that appellant got whatever he hauled away at the drug store, that he paid the agreed price for whiskey, and, in his confession, he says that he got whiskey. It is true that he now says that what he said was that he "supposed" or "thought" he was getting whiskey; but manifestly these were questions for the jury, and it no doubt weighed appellant's testimony against all of the other facts and circumstances and found it wanting.

J. E. Johnson, who was accused of the same crime, was a witness for appellant. When upon the stand he was asked concerning the testimony of Wallin, who was also a witness, as follows:

"Q. Counsel has asked you if you had any understanding with Wallin. In your trial do you remember Wallin came up on the stand, under the order of the court, and refused to tell the truth in your case?" A. He has— Q. Do you remember he wouldn't answer questions, just like he has done now? Wallin, I am talking about."

The court then interrupted with the following remark: "I do not think that is a fair statement. The court never ordered him not to tell the truth." It is complained that this remark of the trial judge was unfavorable and critical and was calculated to deprive the appellant of a fair trial. As written and properly punctuated, it is evident that the question did not im-

ply that the court had ordered the witness Wallin not
to tell the truth, but we can readily understand that
the court might misinterpret the spoken words. How-
ever, we see no cause for complaint. To torture the
transaction into prejudicial error would be to resort
to the extreme of technicality.

It is also insisted that, after some objections had
been made and sustained to the introduction of im-
proper testimony, the trial judge said, "You may ask
him if he made any objection to the particular parts
mentioned." We find no error in this. We are not
inclined to treat the court as an umpire to decide cases,
or to conduct trials, upon the wit and skill of counsel.
Within proper bounds, it is the duty of the court, and
it is consistent with the impartial administration of
justice, to direct the course of the trial and to mark
the boundary between testimony which is competent
and that which is incompetent.

It is also complained that the court instructed the
jury that, if it believed from the evidence and beyond
a reasonable doubt "that the appellant, Henry Sea-
blom, . . . purchased, *stole* or secured in any way
and had in his possession more than two quarts of
whiskey, then I instruct you that you must find the
appellant guilty as charged." Ordinarily the use of
the word "stole" or "stolen" would be prejudicial,
for, as counsel rightly contends, it involves the refer-
ence to another serious crime; but under the facts dis-
closed, appellant cannot complain, for whatever he had
in possession was confessedly stolen, and the court was
warranted in treating the manner in which the liquid
was obtained as an admitted fact.

The court instructed the jury:

"You are further instructed that certain evidence
has been admitted as to statements made by the wit-
ness Johnson while in confinement at the county jail.

"You are instructed that the only purpose for which you can consider any evidence as to statements made by the witness Johnson not given by him on the witness stand before you is in so far, if at all, as in your opinion such statements tend to affect his credibility as a witness, that is, as bearing on the weight which you will give to his testimony in making up your verdict in this case."

It is complained that the instruction calls particular attention to the witness Johnson, who had been tried and convicted of the same offense, and that the instruction is unfair. We find no error in this instruction. The witness Johnson had made a like confession of guilt, but in his testimony he had said that, when, he and appellant had arrived at Woodland Park, they tasted the contents of the containers and found it to be only colored water.

It would seem that the instruction was called for and was, if anything, favorable to the appellant. The jury was properly advised that it should not consider any extra judicial statement made by Johnson as proof of the ultimate fact, but only in so far as it might affect his credibility as a witness.

We find no error, and judgment is affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.