[No. 18597. Department Two. September 22, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM ELDER, *Appellant.*[1]

JURY (60, 62)—QUALIFICATIONS—CHALLENGE FOR CAUSE—DENIAL OF PEREMPTORY CHALLENGE. A juror is not subject to challenge for cause because certain facts of the case had been detailed to her, where she did not know any of the parties and had no opinion as to the guilt or innocence of the defendant.

CRIMINAL LAW (324)—TRIAL—SEPARATION OF JURY—CONSENT OF DEFENDANT. The right to object to the separation of the jury is waived where, at the beginning of the trial, counsel consented that three jurors could separate temporarily to attend to some business matters.

SAME (217)—TRIAL—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court to address remarks to counsel for his reasons in ruling on the admissibility of the evidence and to state the necessary facts upon which the rulings are based, where there was no abuse of the privilege.

SAME (215)—TRIAL—CONDUCT OF JUDGE. Error cannot be assigned on remarks of the court addressed to counsel to keep counsel in proper bounds, where there was no indication of the court's views on the weight of the evidence and no prejudice.

WITNESSES (102)—CREDIBILITY—CHARACTER AND CONDUCT — DISCRETION OF COURT. In a prosecution for rape, it is largely discre-

[1]Reported in 228 Pac. 1016.

tionary to limit the accused in showing facts affecting the credibility of the prosecuting witness, and the same will not be reviewed except for abuse of discretion.

CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—CONDUCT OF COUNSEL. Error in stating, in the closing argument of the prosecutor, that the date was not material, is cured, where the court then interrupted the argument telling the jury to follow the instructions and instructed that the date was material.

RAPE (27)—EVIDENCE—SUFFICIENCY. A conviction of statutory rape of a child under fifteen years of age is sustained by the direct evidence of the prosecuting witness and that of her younger sister and by other witnesses of defendant's lascivious conduct toward the prosecuting witness.

Appeal from a judgment of the superior court for Whatcom county, Brown, J., entered October 11, 1923, upon a trial and conviction of rape. Affirmed.

*Bryan & Sampley,* for appellant.
*Edwin Gruber* and *E. D. Kenyon,* for respondent.

FULLERTON, J.—The appellant, William Elder, was found guilty by the verdict of a jury of carnally knowing and abusing his step-daughter, a child under the age of fifteen years. For a reversal of the judgment of conviction pronounced against him, he makes some sixty-seven assignments of error. These, we think, do not require notice *seriatim.* They can be grouped under more general heads, and it is in that manner we shall consider them.

A Mrs. Dean was called as a prospective juror and examined as to her qualifications to sit as such. At the conclusion of the examination, she was challenged for cause by the appellant, which challenge the court denied. The impaneling of the juror was proceeded with until the appellant had exhausted all but one of his peremptory challenges. He then renewed his challenge for cause against this particular juror, stating to the court that he wished to exercise his remaining

challenge upon another juror who was in the jury box, which he could not do if Mrs. Dean was allowed to remain before the jury. The court again refused to excuse the juror, whereupon the defendant excused her under his remaining challenge. He urges in this court that the juror was subject to challenge for cause, and that the effect of the ruling of the court was to deny to him the number of peremptory challenges accorded to him by the statute. But, in our opinion, the rulings of the court were without error. The answers of the juror to the questions propounded to her show her to be both frank and intelligent. She stated that a woman had detailed to her certain of the purported facts of the case, but that she did not know any of the parties to the transaction, had never before met the woman mentioned, and that she then had no opinion, fixed or otherwise, as to the guilt or innocence of the defendant. Certain of her answers, when separated from their settings, may seem contradictory of this latter statement, but a reading of them as a whole convinces us that she was a qualified juror.

After the jury had been impaneled, the trial judge called the attorneys of the respective parties to the bench and inquired of them whether it was their desire that the jury be not allowed to separate during the trial. On receiving an affirmative answer, he said that it was more than likely that certain members of the jury had automobiles on the street which they would desire to have cared for, and that certain others of them might wish to announce to their homes the cause of their failure to return, and asked whether if such requests were made they should be granted. To this counsel consented. The court then announced to the jury that they would be kept together during the trial, whereupon a juror stated that he had an automobile on

the street which he would like to take to a garage and have some repairs made to it while he was detained on the jury. Another announced that he was in a similar situation, and that he also had some checks which it was necessary to deposit in a bank. A third juror stated that his daughter was in the courtroom, and that he would like to communicate with her. When these requests were made, counsel, without inquiry from the court, announced that there was no objection to granting the requests, and consented that they might separate from the body of the jury for the purposes mentioned during the coming noon hour. The court thereupon announced to the jurors that they might separate from the main body of the jury for the purposes mentioned, instructing them not to communicate with anyone about the case or suffer anyone to communicate with them about it.

The appellant assigns error on this action of the court, contending, if we correctly understand his contentions, first, that he did not assent in person, and second, that they were errors which could not be cured by assent. To the first part of the objection it is a sufficient answer to say that his counsel assented to them in his presence without objection on his part, and that if his counsel spoke without his authority his time to object was then, and that it is too late after verdict. *State v. Stockhammer,* 34 Wash. 262, 75 Pac. 810. The cited case is authority, moreover, for holding that these are matters on which counsel has the right to speak for his client, and that the interest of orderly procedure requires that when he does so speak, it be conclusively presumed that he speaks with authority.

As to the second part of the objection, there are rights accorded by law to a defendant in a criminal cause which he will not be permitted to waive (*State v.*

*Ellis,* 22 Wash. 129, 60 Pac. 136), but the right to have
the jury kept together is not one of them. By the ex-
press terms of the statute (Rem. Comp. Stat., § 2159)
[P. C. § 9375], a jury in a criminal cause, with the con-
sent of the defendant, may be allowed to separate dur-
ing the course of the trial, and it must follow, we think,
if a defendant may consent to a general separation, he
may consent to a partial separation or a separation for
the time being.

The appellant argues that the action of the court re-
questing a separation practically amounted to coercion
in so far as the defendant was concerned, as after the
request they could not well refuse without prejudicing
the defendant's cause with the jury. But the prelim-
inary conversation, as we have stated, was without
the hearing of the jury. Plainly, if counsel then did
not desire even a partial separation of the jury such
as was had here, he had but to refuse his assent without
knowledge of the fact being made known to the jury,
when undoubtedly it would have been respected. This
court has held it not reversible 'error to ask the de-
fendant in the presence of the jury whether or not he
will consent to the jury's separating (*State v. Holed-
ger,* 15 Wash. 443, 46 Pac. 652), although in the opinion
in the case it recommended the practice pursued in this
instance.

It is next complained that the court, at various and
numerous times during the course of the trial, com-
mented upon the evidence. These assignments we shall
not notice specifically. Many of the instances set out
could, under no circumstances, be held to be a comment,
and the others, when read with the context, are robbed
of all their virility. The statements thought to be
comments were statements made when ruling on the
admissibility of testimony, and were addressed to

counsel and not to the jury. As we have often held, it was not the purpose of the constitutional inhibition to prevent judges from giving counsel the reasons for their rulings upon questions presented during the course of the trial, or prohibit them when necessary from stating the facts upon which they base their rulings. *State v. Surry,* 23 Wash. 655, 63 Pac. 557; *State v. Boyce,* 24 Wash. 514, 64 Pac. 719; *State v. Mann,* 39 Wash. 144, 81 Pac. 561; *State v. Jones,* 80 Wash. 588, 142 Pac. 35; *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 633; *State v. Seablom,* 103 Wash. 53, 173 Pac. 721.

We have heretofore recognized, and here recognize, that the court's privileges and duties in this respect may be abused, but the record is clear of any such implication in the instant case.

The appellant next complains of the conduct of the trial judge, asserting that he manifested impatience and heat towards his counsel, thereby prejudicing his cause in the minds of the jury. But we find in the record only one instance where it can be said that any such thing occurred in the presence of the jury. The appellant's counsel made the case a very trying one for the trial judge. The prosecuting witness seemingly was not of a very high mentality, and was slow and reluctant in her answers. The constant objections by the defendant's counsel to the questions put to her by the state made the progress of the trial slow and difficult. In one instance the trial judge himself asked the witness a question. Counsel objected to this, admonishing the judge that "the state has its attorney here to prosecute the case." To this the judge replied in language somewhat emphatic. But aside from the incident itself, there was nothing prejudicial to the appellant in the court's remarks. They were addressed

to counsel, not the jury, and contained no indication of the court's views on the weight and sufficiency of the evidence. It was the right and duty of the court to keep counsel within his proper bounds, and we cannot hold his conduct prejudicial, much less that it was so far so as to require a new trial.

The next complaint is that the court unduly limited the evidence on the part of the defendant. The state introduced a physician, who testified to an examination he made of the prosecuting witness shortly after the offense charged was alleged to have been committed, in which he found a ruptured hymen. He did not say that the hymen bore evidence of having been freshly ruptured, and frankly stated that he had no means of knowing what caused the rupture. To combat this, and as evidence affecting the credibility of the prosecuting witness, the court permitted the appellant to show a purported admission that she had had sexual intercourse with another man, that she was an incorrigible and had been sent to a reformatory institution as such, and to show her general character and habits prior to the time of the alleged offense. The court only checked counsel when he thought he was going too far in this latter direction. How far a litigant will be permitted to go in showing facts affecting the credibility of a party or witness is largely within the discretion of the trial court, to be reviewed for an abuse of the right only. Here, we think, the court allowed the appellant all of the latitude the case required.

In support of his motion for a new trial, the appellant filed his own affidavit and the affidavit of his counsel averring that the prosecuting attorney stated in his closing argument to the jury that the date elected by the state as the time of the commission of the offense was not material; that it was the duty of the

jury to find a verdict of guilty if they found that the appellant had been guilty of the offense charged, whether upon the date elected or at some other time. The statement is urged as reversible error, but whether it is so or not we need not here determine. The trial court instructed the jury that the date was material, and when the remark was made it interrupted counsel, telling the jury to follow the court's instructions in that regard. Any prejudice that may have arisen from the statement of counsel was cured by this action of the court.

Finally, it is said that the evidence was insufficient to sustain the verdict. But we think the record is ample in this respect. Not only was there direct testimony of the prosecuting witness and her younger sister to the overt act, but there was evidence by other witnesses of lascivious behavior on the part of the appellant towards the prosecuting witness. The evidence was contradicted, it is true, but the question was nevertheless one for the jury and not this court.

The judgment is affirmed.

MAIN, C. J., BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.