IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39516-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AARON LEROY REEVES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Aaron Reeves was convicted of second degree assault and first degree theft. Mr. Reeves appeals, arguing he was afforded ineffective assistance of counsel, the court made an impermissible comment on the evidence, and the victim penalty assessment (VPA) was improperly ordered.

We affirm Mr. Reeves' convictions but remand for the limited purpose of striking the VPA from his judgment and sentence.

BACKGROUND

On April 15, 2019, Michael Kemper was approached by Mr. Reeves while awaiting a haircut. Mr. Reeves commented that Mr. Kemper's tattoos looked like prison tattoos, and inquired of Mr. Kemper if he was "all white." Rep. of Proc. (RP) at 348. Mr. Reeves then flicked a cigarette into Mr. Kemper's face, swung at him several times, and threw Mr. Kemper into a plate glass window. Mr. Kemper attempted to back away, only to be tackled to the ground by Mr. Reeves. The attack resulted in three breaks to one of Mr. Kemper's legs.

A barbershop employee called 911 and tried to shove Mr. Reeves off of Mr. Kemper. United States Postal Service employee Kyle Friedrich also intervened to break up the fight. Mr. Reeves grabbed a set of mailbox keys from Mr. Friedrich's hip, ran into the street, and attempted to enter a vehicle stopped for a traffic light. Mr. Friedrich tackled Mr. Reeves and restrained him until law enforcement arrived.

The State charged Mr. Reeves with second degree assault and second degree robbery. Mr. Reeves pleaded not guilty by reason of insanity, and the case proceeded to a jury trial. In support of his defense, Mr. Reeves presented the testimony of Alexander L. Patterson, Psy.D. To rebut Mr. Reeves' insanity defense, the State offered the testimony of Megan Kopkin, Ph.D.

Following deliberations, the jury found Mr. Reeves guilty of second degree assault, and not guilty of second degree robbery, but guilty of the lesser included offense

of first degree theft. The jury also found the crime of first degree theft was perpetrated

against a victim acting as a good Samaritan, Mr. Friedrich. Mr. Reeves was given a

prison sentence and ordered to pay a VPA.

Mr. Reeves timely appeals. For the sake of clarity and brevity, testimony relevant

to Mr. Reeves' ineffective assistance of counsel argument and the trial court's alleged

improper comment on the evidence is included in the analysis below.

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Reeves contends he was afforded ineffective assistance from his trial counsel

when his attorney failed to object to inadmissible testimony on three occasions during

trial. Specifically, Mr. Reeves argues his attorney was deficient in failing to object to:

(1) Officer Joe Scherschlight's testimony, stating "I advised Mr. Reeves knock it off and

that he's now being charged with third degree assault on a medical staff" (RP at 294);

(2) Dr. Kopkin's testimony that Mr. Reeves had a prior "child molestation offense"

involving "alleged sexual abuse of his younger foster sister" (RP at 478); and (3) Dr.

Kopkin's testimony that Mr. Reeves had previously attended "sex offender treatment"

and "had received some substance use—abuse treatment previously related to a different,

kind of a criminal charge" (RP at 485). We disagree and address each contention in turn.

Criminal defendants have a constitutionally guaranteed right to effective

assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lopez*,

3

190 Wn.2d 104, 115, 410 P.3d 1117 (2018). A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal. *State v. Nichols*, 161 Wn.2d 1, 9, 162 P.3d 1122 (2007). Claims of ineffective assistance of counsel are reviewed de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

To succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate that trial counsel's performance "fell below an objective standard of reasonableness based on consideration of all the circumstances" and, if so, there is a reasonable probability that but for counsel's poor performance the outcome of the proceedings would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If either element is not satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

In reviewing the record for deficiencies, there is a strong presumption that counsel's performance was reasonable. *McFarland*, 127 Wn.2d at 335. The burden is on the defendant alleging ineffective assistance of counsel to show deficient representation. *Id.* "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).

Even if we were to find trial counsel's performance was deficient, the appellant must affirmatively prove prejudice, not simply show that "the errors had some

4

conceivable effect on the outcome." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An appellant establishes prejudice by demonstrating the proceedings would have been different but for counsel's deficient representation. *McFarland*, 127 Wn.2d at 337.

Where, as here, an appellant alleges trial counsel was ineffective based on a failure to object, the appellant bears the burden of proving that: (1) "not objecting fell below prevailing professional norms;" (2) the omitted objection would likely have been sustained; and (3) "that the result of the trial would have been different if the evidence had not been admitted." *In re Personal Restraint of Davis*, 152 Wn.2d 647, 714, 101 P.3d 1 (2004). Moreover, an appellant must overcome the presumption that counsel's failure to object was a legitimate trial strategy or tactic. *Id*.

*Officer Scherschlight's Testimony*

At trial, the State called Officer Joe Scherschlight as a witness. Officer Scherschlight testified, "[Mr. Reeves] kicked the physician's assistant squarely in the chest knocking him back. And so, I stopped the gurney and I advised Mr. Reeves knock it off and that he's now being charged with third degree assault on a medical staff." RP at 294. Defense counsel did not object, albeit Mr. Reeves was not charged with assaulting the physician's assistant.

Evidence of an uncharged crime may be inadmissible even if relevant. *State v. Herzog*, 73 Wn. App. 34, 48, 867 P.2d 648 (1994). To be admissible, the uncharged

5

crime must be relevant, and the probative value of the uncharged crime must outweigh any unfair prejudice. *Id.* Here, the court did not conduct a balancing test; evidence of Mr. Reeves' uncharged crime was likely inadmissible.

However, Mr. Reeves has failed to meet his burden of showing trial counsel's failure to object was not a legitimate trial strategy or tactic. First, defense counsel did not sit idly by and allow the State's questioning of Officer Scherschlight to go unchecked. Defense counsel raised successful objections when necessary. Secondly, Mr. Reeves pleaded the defense of insanity. To succeed in his defense, Mr. Reeves was required to prove, in part, that his "mind was affected to such an extent that [he] was unable to perceive the nature and quality of the acts with which [he was] charged or was unable to tell right from wrong with reference to the particular acts with which [he was] charged." Clerk's Papers (CP) at 15. Evidence of Mr. Reeves' behavior toward hospital staff immediately following the events at the barbershop bolstered his argument. The evidence supported the conclusion that his mind was affected to such an extent that he was incapable of perceiving the nature of his acts or unable to tell right from wrong.

In light of all the circumstances, defense counsel was not ineffective in failing to object to evidence of the uncharged crime.

### *Dr. Kopkin's Testimony – "Child Molestation Offense"*

In order to rebut Mr. Reeves' insanity defense, the State offered the testimony of Dr. Megan Kopkin. Absent an objection from defense counsel, Dr. Kopkin testified that

6

"[Mr. Reeves'] foster parents had learned that there had been some alleged sexual abuse of [Mr. Reeves'] younger foster sister.  And so, [Mr. Reeves] was taken out of the home and I believe convicted of that, of a child molestation offense."  RP at 478.

Evidence of Mr. Reeves' history of sexual abuse was impermissible; an objection from defense counsel likely would have been successful.  However, in reviewing the testimony in light of the entire record, Mr. Reeves has not overcome the presumption that defense counsel's failure to object was a legitimate trial strategy or tactic.  To the contrary, from opening statement through closing argument, defense counsel pointed to Mr. Reeves' encounters with the law, time in prison, and inadequate mental health treatment to reinforce his insanity defense.

During opening statement, defense counsel highlighted Mr. Reeves' tumultuous upbringing: "[H]e was given to a foster family and it was one of those ones you hope you never have to hear from.  It was a foster family from hell."  RP at 266.  Defense counsel also told the jury that "[Mr. Reeves] has had multiple encounters with the law.  He has been to prison and multiple county jails for various other things.  And [no] one has ever treated him for his psychiatric problems."  RP at 266.

Defense counsel was not ineffective in declining to object to evidence of Mr. Reeves' prior sexual abuse.  Defense counsel's strategy throughout trial was to accentuate Mr. Reeves' prior legal issues to substantiate his insanity defense.  In

considering the totality of circumstances, defense counsel's failure to object was a legitimate trial tactic.

*Dr. Kopkin's Testimony – Sex Offender and Substance Abuse Treatment*

Also during trial, Dr. Kopkin testified, without an objection from defense counsel, that "[Mr. Reeves] was ordered to undergo some sex offender treatment for juveniles in the community" and "while detained within the Washington State Department of Corrections" "[Mr. Reeves] had . . . received some treatment for substance abuse treatment." RP at 482, 484.

Standing alone, evidence that Mr. Reeves had previously engaged in sex offender or substance abuse treatment would be irrelevant. Nevertheless, relying on the court's instructions to the jury, defense counsel argued that Mr. Reeves' earlier treatment and substance abuse struggles reinforced his insanity defense. The court instructed the jury that "The only time alcohol and drug-related insanity may be used as an insanity defense is when the influence of alcohol or drugs triggers an underlying psychotic disorder of a settled nature." CP at 18.

In his opening statement, defense counsel stated, "[T]he mental illness, what you'll see in the evidence preexisted any drug usage. It was not created by the drug usage. It was self-medication on the part of someone who had . . . previous mental illness." RP at 267. During closing argument, defense counsel seized upon Mr. Reeves' history of substance abuse to support his insanity defense. Defense counsel argued,

8

"What we do know about his history [of substance abuse] is that he was showing signs as early as back in 20, I think it was '13." RP at 730. Defense counsel proclaimed:

> Now, I think the evidence is pretty clear. That yes, he was doing methamphetamines before the incident. When exactly is not clear. Okay. Did it trigger this particular event? Even if it did, it's still not guilty by reason of insanity. Even if it was taking the methamphetamine six months earlier that finally tipped him over whatever edge it is.

RP at 730. As to Mr. Reeves' sex offender treatment, defense counsel argued, consistent with his opening statement, that Mr. Reeves has never been provided adequate treatment to resolve his psychiatric problems.

Defense counsel's strategy was to highlight Mr. Reeves' substance abuse and mental health issues that had never been adequately addressed. Dr. Kopkin's testimony that Mr. Reeves had previously undergone treatment for these issues advanced defense counsel's trial strategy.

Again, Mr. Reeves has failed to meet his burden of showing trial counsel's failure to object to his prior sex offender and substance abuse treatment was not a legitimate trial strategy or tactic. Defense counsel was not ineffective for failing to object to Dr. Kopkin's testimony regarding Mr. Reeves' previous treatment.

TRIAL COURT'S COMMENTS

Mr. Reeves argues the trial court appeared to endorse Dr. Kopkin's testimony through an improper comment. We disagree.

9

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. IV, § 16. As such, a judge may not "'[convey] to the jury his or her personal attitudes toward the merits of the case' or instruct[ ] a jury that 'matters of fact have been established as a matter of law.'" *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006) (quoting *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997)).

"[I]t was not the purpose of the constitutional inhibition to prevent judges from giving counsel the reasons for their rulings upon questions presented during the course of the trial, or prohibit them when necessary from stating the facts upon which they base their rulings." *State v. Elder*, 130 Wash. 612, 617, 228 P. 1016 (1924). The trial court has the right to explain its rulings when passing on evidentiary objections. *State v. Cerny*, 78 Wn.2d 845, 855-56, 480 P.2d 199 (1971), *vacated in part,* 408 U.S. 939, 92 S. Ct. 2873, 33 L. Ed. 2d 761 (1972).

A two-step analysis is applied to determine if a judicial comment requires reversal of a conviction. *Levy*, 156 Wn.2d at 723. First, we examine the facts and circumstances of the case to determine whether a court's conduct or remark rises to a comment on the evidence. *State v. Sivins*, 138 Wn. App. 52, 58, 155 P.3d 982 (2007). "It is sufficient if a judge's personal feelings about a case are merely implied." *Id*. Only if we conclude the court's comment on the evidence was improper, may we then presume the comment is prejudicial, "and the burden is on the State to show that the defendant was not prejudiced,

unless the record affirmatively shows that no prejudice could have resulted." *Levy*, 156 Wn.2d at 723.

Expert witnesses may offer an opinion, provided their opinion is based on facts in the record. *Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wn.2d 790, 801-02, 490 P.3d 200 (2021). An opinion of an expert witness not based on facts in the record is "'overly speculative and inadmissible.'" *Id*. (quoting *Volk v. Demeerleer*, 187 Wn.2d 241, 277, 386 P.3d 254 (2016)). Expert witnesses may be required to disclose the facts on which they base their opinions. ER 705.

Here, Dr. Kopkin was asked, "you're stating it is possible substance use contributed to his psychiatric decompensation and subsequent behavior at the time of April 15[th], 2019." RP at 574. Dr. Kopkin responded in the affirmative. Defense counsel objected, alleging that Dr. Kopkin's opinion about whether drugs may have contributed to Mr. Reeves' actions shifted the burden of proof and allowed Dr. Kopkin to opine on the ultimate question. In response to the objection, the court stated:

> Well, I think that her opinion is that the information that she's relied on in her opinion is that that possible drug use may have contributed to his behavior on April 15[th], 2019. I think that's supported by the underlying information.

RP at 575.

In reviewing the judge's statement in the context of defense counsel's objection, the statement did not convey the judge's personal attitude toward the merits of the case to the jury nor did the comments instruct the jury that any issue of fact had been established

11

as a matter of law.  Rather, the judge was explaining her reason for overruling defense counsel's objection, remarking that Dr. Kopkin's opinion testimony was based on facts in the record.  The court's ruling did not rise to a comment on the evidence.

VICTIM PENALTY ASSESSMENT

Mr. Reeves requests we remand his case for the trial court to strike the VPA from his judgment and sentence.  The State concedes.

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court.  In April 2023, the legislature amended RCW 7.68.035 to prohibit the imposition of the VPA on indigent defendants.  *See* LAWS OF 2023, ch. 449 § 1.  H.B. 1169 took effect on July 1, 2023.  Amendments to statutes that impose costs upon convictions apply prospectively to cases pending on appeal.  *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).

Because Mr. Reeves' case is pending on direct appeal, the 2023 amendment applies.  Although the trial court did not make any findings concerning Mr. Reeves' past, present, or future ability to pay legal financial obligations, he was found indigent for purposes of being appointed appellate counsel.  Accordingly, we remand for the limited purpose of striking the VPA from Mr. Reeves' judgment and sentence.

No. 39516-2-III
*State v. Reeves*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:


_____
Lawrence-Berrey, C.J.


_____
Staab, J.