[No. 11868.    Department One.    October 9, 1914.]

## HERBERT R. SMITH, *Respondent*, v. S. S. BOWERS, *Appellant*.[1]

APPEAL—REVIEW—WAIVER OF ERROR.    Error cannot be predicated upon the giving of oral instructions to the jury, "by agreement of counsel," since the right given by Rem. & Bal. Code, § 339, to have the jury instructed in writing may be waived.

APPEAL—REVIEW—VERDICTS.    The verdict of a jury upon an issue on which the evidence was conflicting is conclusive, where there was abundant evidence, if believed, to support the verdict.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered September 27, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for services performed.    Affirmed.

*Pruyn & Hoeffler*, for appellant.

*Spence & Denham* and *Sweet, Denham & Sweet*, for respondent.

MAIN, J.—The plaintiff, a physician and surgeon, brought this action for the balance claimed to be due for professional services rendered to the defendant.    The cause was tried to a jury.    A verdict was returned for the plaintiff in the sum of $495 and interest.    The defendant appeals.

There are but two assignments of error, the first of which is that the court erred in orally instructing the jury.    The certificate of the trial judge to the statement of facts recites that, "The instructions were all given orally by agreement of counsel."    The appellant, having waived her right to have the jury instructed in writing, cannot now predicate error thereon.    It needs no citation of authority to support the proposition that the right given by statute (Rem. & Bal. Code, § 339 [P. C. 81 § 587]) to have the jury instructed in writing may be waived.

[1]Reported in 143 Pac. 316.

The second assignment of error is that the evidence was not sufficient to support the verdict of the jury, in that no contract for a specific sum to be paid for the services rendered was established by the evidence. The respondent, in his complaint, alleged an express contract whereby it was agreed between the parties that he was to receive for the operation performed and the services rendered incident thereto the sum of $1,000, and that no part of this had been paid except the sum of $505. Without reciting the evidence, it may be said that an examination of the record discloses abundant evidence, if believed by the jury, to support the contract as alleged. It is true that with this the evidence of appellant is in conflict. The question was plainly one for the jury.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.