[No. 19049. Department One. April 15, 1925.]

## THE STATE OF WASHINGTON, *Respondent,* v. MATTIE FROST, *Appellant.*[1]

WITNESSES (72)—CROSS-EXAMINATION—DISCRETION—REVIEW. Error cannot be assigned on limiting the scope of cross-examination where no abuse of discretion appears and the question was of no particular importance.

TRIAL (23)—CONDUCT—EXCLUSION OF IMPROPER EVIDENCE. The court may exclude objectionable evidence even though no objection is made.

TRIAL (14)—CONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court to state reasons for ruling upon objections.

INTOXICATING LIQUORS (30, 49)—UNLAWFUL POSSESSION—EVIDENCE —ADMISSIBILITY. In a prosecution for unlawful possession of liquor the testimony of police officers that they purchased liquor of the accused is not objectionable in that they induced the offense.

INTOXICATING LIQUORS (49)—OFFENSES—EVIDENCE—ADMISSIBILITY. The testimony of police officers who purchased liquor is admissible in a liquor prosecution.

CRIMINAL LAW (377)—CHARGE AND CONVICTION—COMMITMENT— MISTAKE IN RECITALS. An inadvertent recitation in a commitment for the unlawful possession of liquor, reciting that accused was found guilty of selling intoxicating liquor, is without prejudice.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered May 9, 1924,

[1]Reported in 234 Pac. 1021.

upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Crandell & Crandell,* for appellant.

*Chas. H. Leavy* and *Frank Funkhouser,* for respondent.

MAIN, J.—The defendant was charged with the unlawful possession of intoxicating liquor, tried and found guilty by the jury. From the judgment entered upon the verdict, the appeal is prosecuted.

The appellant was operating a hotel or rooming house. Two police officers went to her place and purchased moonshine whiskey. At the same time there was found secreted in the awning over one of the windows in the apartment occupied by the appellant a number of bottles of intoxicating liquor. The appellant was arrested, taken into custody and subsequently tried, with the result above indicated.

The appellant complains of certain rulings of the trial court during the introduction of the evidence. On cross-examination, a witness for the state was asked to make a drawing to indicate where rooms 15 and 18 in the hotel were located, and give a general plan of the other rooms there. This question was objected to and the objection sustained. Error is sought to be predicated upon the ruling. This court has many times said that the scope of the cross-examination of a particular witness is largely in the discretion of the trial court and the ruling will not be disturbed in the absence of a showing of abuse of that discretion. There was no abuse here. The answer to the question could not have been of very great importance and the court was not required to delay while the witness undertook to draw a floor plan of the house.

Another complaint is that the trial court rejected evidence when no objection had been made by the prosecuting attorney. There was no error in this. It is a function of the trial judge to see that a trial is conducted according to the rules of law, and if he believes that improper questions are being asked, he is entirely within his rights in directing that they be not answered, even though no objection be made. The trial court is more than a mere referee.

It is complained that the trial court commented upon the evidence, but this objection is not meritorious. The court in ruling upon an objection stated to counsel the reason for such ruling. It has frequently been held that this does not constitute a comment upon the evidence.

It is next urged that the officers who purchased the liquor from the appellant should not have been permitted to testify, since they had induced the commission of the crime. To this question there are two answers. First, the crime which the appellant committed in response to the invitation of the officers was that of selling liquor, and she was not charged with that crime but with another, that of the possession. In addition to this, under the holding in *State v. Mariani*, 126 Wash. 55, 217 Pac. 4, the evidence was admissible.

Finally, it is contended that the appellant was charged with one crime and convicted of another. The complaint charged the possession of intoxicating liquor. The jury found the appellant guilty as charged. The judgment entered upon the verdict was that "said defendant be adjudged guilty as charged in the information and a fine of $250 together with costs of the prosecution and thirty days in jail." Up to this point there is no ground for saying that the appellant was charged with one crime and convicted and

sentenced for another. The commitment, which was directed to the sheriff, recited that the appellant had been convicted of the crime of "selling intoxicating liquor," and then ordered that the sheriff take her into custody and keep her confined in the county jail until she should be discharged by due process of law. The recital in the commitment that the appellant had been convicted of selling intoxicating liquor was not the fact and was a mere inadvertence. It was in nowise prejudicial to the appellant and does not furnish a basis upon which to predicate error.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.