· [No. 19135.. Department Two.   July 7, 1925.]

# H. H. Chapman, *Appellant*, v. C. E. Rose, *Respondent.*[1]

Negligence (38)—Evidence—Sufficiency. It can not be claimed that there was no evidence to sustain the verdict of a jury that defendant was not guilty of negligence in driving his automobile in which plaintiff was riding as a guest, where plaintiff made admissions against interest at the time of the accident to the effect that it was not due to defendant's negligence, but to some defect in the mechanism of the car. ·

Trial (19)—Exclusion of Witnesses—Waiver of Objections. Error in requiring a party to leave the witness stand and room during a legal argument as to the scope of his cross-examination is waived where no objection was made at the time.

Same (14)—Misconduct of Judge—Comment on Evidence. Error can not be assigned upon unlawful comment on the evidence, where the court merely protected a witness, when the form of a question as to how much she was being paid for her testimony reflected upon her improperly without apparent cause.

Same (52)—Conduct of Counsel—Correction of Objectionable Matter. Error can not be assigned upon improper remarks of counsel outside the issues in his opening statement, where, upon objection made, and also after the close of the evidence, the jury were instructed that the opening statement was not evidence, and could not be considered unless upheld by the evidence.

Pleading (206)—Objections—Waiver—Motion to Strike. Error can not be assigned upon allowing an unverified trial amendment to the answer, where. no motion was made to strike it for want of a verification.

Trial (80) — Instructions — Written Instructions — Waiver. Written instructions to the jury are waived, where they were not requested and no objection was made at the time the trial judge announced that he would instruct the jury orally, a reporter being present who could take and transcribe the instructions.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 2, 1924, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained in an automobile accident.   Affirmed.

[1]Reported in 237 Pac. 708.

*H. E. Foster* and *George Olson,* for appellant.

*Stephen V. Carey* and *A. J. Schweppe,* for respondent.

Holcomb, J.—The complaint of appellant alleged that respondent invited him to become his guest and accompany him in his automobile from Spokane to Seattle; that respondent was negligent in the operation of the automobile, in that he went to sleep while driving and ran off the road, injuring appellant in the back, ankle and head, so that he was permanently injured and unable to work without artificial assistance. The original complaint asked judgment in the sum of $5,000, and $70 for medical services. The answer denied the allegations of the complaint and affirmatively alleged certain matters which, upon motion, were stricken. Upon the trial of the case, the original complaint was amended, without verification, so that the prayer demanded $20,000 instead of $5,000, and $70 for medical services. The answer was also amended at the trial of the case, without verification, so as to affirmatively allege that appellant and respondent were engaged in a joint venture, in that they were traveling from Spokane to Seattle for the purpose of arranging for a joint business venture. The jury not only returned a general verdict for respondent, but answered two special interrogatories, the first of which was whether respondent's conduct as shown by the evidence constituted negligence, which was answered "No." The second interrogatory was: "Was the negligence of respondent the cause of the accident," which was answered "No." Appellant's motion for a new trial was made and denied.

The first two assignments of error may be disposed of together. Appellant insists that the verdict is entirely unsupported by any evidence. It is asserted that

respondent invited appellant to be his guest from Spokane to Seattle, and that they went over an embankment while respondent was driving, injuring appellant in the manner described in the complaint; that there is no evidence to support the verdict to the contrary, and that a new trial should have been granted upon the verdict of the jury for this reason alone.

After an examination of the evidence of appellant as shown by the record, any jury would have been justified in returning a verdict against him. Not only was appellant uncertain and uncandid in his testimony, but, according to the evidence of other witnesses, he made contradictory statements against interest to nurses in a hospital in Cle Elum to which he and respondent were taken, tending to show that respondent was not guilty of negligence, but that the cause of the accident was some defect in the mechanism of the automobile. The jury were not bound to accept the version of appellant as to the cause of the injury as testified at the trial. When it was weakened by testimony as to admissions against interest, made immediately after the accident, a much stronger inference should be drawn against appellant. It cannot, therefore, be said that there was no evidence to sustain the verdict. There was no preponderance against the verdict, and the new trial on the ground of insufficiency of the evidence was properly denied.

The next error assigned is in excluding appellant from the court room during the trial.

It appears from the record that, while appellant was on the witness stand being cross-examined, an argument transpired between counsel as to whether counsel for respondent might properly engage in a certain line of inquiry. Respondent suggested to the court that his line of inquiry should not be made in the presence of appellant so as to suggest to him what his testi-

mony should be. Respondent therefore suggested that appellant be requested to step out of the court room. Thereupon the trial court requested both appellant and respondent temporarily to withdraw from the court room during the argument. Both appellant and respondent answered present when this was made known to them, and both, so far as the trial court was aware and the record shows to this court, withdrew. No objection was made to the withdrawal of the parties at the time. If any prejudicial error occurred it was waived by counsel for appellant by not objecting at the time. Counsel for appellant asserts that appellant withdrew and respondent did not; but the record shows that, after a lengthy argument between counsel when they were recalled to the court room, nothing but the statement of counsel for appellant to the effect that "defendant has been present in the court room during the argument" occurred, and the trial judge announced that he did not know it, that both parties were requested to withdraw. So far as the trial judge was aware, both parties were absent from the court room. At any rate, no objection was made and the error, if any, was waived.

It is next insisted that the court erred in wrongfully commenting on evidence.

This contention is founded upon the conduct of the court when counsel for appellant asked a witness for respondent, "How much have you been paid for the testimony here?" The court said:

"All are presumed to be honorable men and women together here, and the court will not permit any such question to be asked the witness. The court will sustain the dignity and the responsibility of women, and will not permit any such reflection to be cast upon a witness in the course of cross-examination. Counsel: I desire the record to show an exception to Your Honor's comment on the evidence of this witness.

The Court: The court is a gentleman as well as a judge. Counsel: I desire the record to show an exception.''

The witness was a woman, a hospital nurse, and apparently entirely disinterested. The presumption is, of course, that the witness was receiving the ordinary and legal pay of witnesses. The form of the question was such as to reflect upon the witness without apparent cause and was improper without any showing of a well-founded belief that the witness was receiving more than the legal pay of witnesses. Had a proper showing been made by counsel and proper preliminaries been made, doubtless the court would have permitted all proper cross-examination to show the bias or interest of the witness and affect her credibility. As was said in *State v. Frost,* 134 Wash. 48, 234 Pac. 1021:

''It is a function of the trial judge to see that a trial is conducted according to the rules of law, and if he believes that improper questions are being asked, he is entirely within his rights in directing that they be not answered, even though no objection be made. The trial court is more than a mere referee.''

Parties are entitled to properly cross-examine opposing witnesses to discover their bias, interest and credibility; but at the same time witnesses are entitled to the protection of the court against unwarranted and unfounded reflections. The statement made by the trial judge, while closely bordering the limit of discretion in such a case, was not a manifest abuse of discretion, and was more a direction to the examining counsel how to question the witness than anything else. Moreover, it is not shown to have been manifestly prejudicial.

The next error argued by appellant is based upon the permission of the trial court to counsel for re-

spondent in his opening statement to go into matters outside the issues.

When objection was made by appellant and request made that the court instruct the jury to disregard all irrelevant portions of the opening statement of counsel, the court promptly instructed the jury to disregard all matters in the opening statement not pertaining to the issues, and especially told the jury that the opening statement of counsel was not evidence and was not to be considered unless upheld by the evidence in the case; and subsequently, in the general instructions to the jury, again instructed them that the statements of counsel were not evidence and should not be considered unless supported by the evidence in the case. No error occurred. *Vizzaro v. King County,* 130 Wash. 398, 227 Pac. 497.

The next claim of error is that a trial amendment to the answer was permitted without verification.

The same right was granted appellant when appellant amended his complaint so as to pray for $20,000 general damages instead of $5,000, without any verification to the amended complaint. The appropriate remedy against an unverified pleading is a motion to strike. Rem. Comp. Stat., § 305 [P. C. § 8338]. There was no motion made by appellant to strike the unverified amended answer of respondent, and it cannot be complained of now.

The next contention is that the court erred in not charging the jury in writing. At the close of the testimony the court stated:

"There being no request for instructions and no written instructions, the court will give oral instructions, there being present a reporter."

Respondent consented thereto and appellant was silent. No objection was made by anybody at the time of the statement by the court that oral instructions

would be given. After the instructions had been given, counsel for appellant advised the court that he had not consented to the giving of oral instructions. Since, however, the record shows that a reporter was present who could transcribe the instructions under the provisions of § 339, Rem. Comp. Stat. [P. C. § 8504], and since no objections were made by appellant when the court announced that it would give oral instructions, and no request for written instructions had been made, it must be considered that written instructions were waived. *Smith v. Bowers,* 82 Wash. 80, 143 Pac. 316; *State v. Jensen,* 114 Wash. 401, 195 Pac. 238.

We find no reversible error and the judgment is affirmed.

TOLMAN, C. J., ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.