[No. 19842.  Department Two.  October 5, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE

POLOS, *Appellant*.[1]

[1] CRIMINAL LAW (217)—CONDUCT OF JUDGE—COMMENT IN RULING
ON EVIDENCE. It is not unlawful comment on the evidence for
the court, upon ruling on an alleged failure of a witness to an-
swer positively as to the identity of accused, to address counsel
to the effect that he could answer only to the best of his knowl-
edge, which witness did by saying that "he looks like the man,"
although he could not positively swear to it; especially where
the jury was instructed properly as to being the judges of the
facts.

Appeal from a judgment of the superior court for
Jefferson county, Ralston, J., entered August 1, 1925,
upon a trial and conviction of bootlegging.  Affirmed.

*A. R. Coleman,* for appellant.

*A. Henry Packard,* for respondent.

MITCHELL, J.—George Polos was informed against,
tried and convicted of the crime of bootlegging.  He
has appealed.

He was arrested by a deputy sheriff on a country
road in Jefferson county.  He was driving an auto-
mobile loaded with whiskey.  Within a few minutes
after the arrest, he escaped from the deputy sheriff, or
rather from one the deputy sheriff had placed him with,
and was recaptured within a few hours by the sheriff
who had been called to assist the deputy.

The matter of identifying the appellant at the trial
as the person arrested was involved in the examina-
tion of the deputy sheriff as a witness.  On direct ex-
amination, he testified that the one arrested was then
in the court room and that he thought Mr. Polos was

¹Reported in 249 Pac. 488.

the man. On cross-examination, he was asked if he would say positively that the defendant was the man, to which answer was made. "He looks like the man, to me." The same question was repeated and the same answer given. Again, the same question was asked, causing a colloquy between counsel and the court in which the court said that all a witness could testify to is to the best of his knowledge and that he had stated over and over again his viewpoint. Counsel replied, "I know he has, but he has not answered my question fully." The court said: "I think he has. He has stated to the best of his knowledge, and that is all any man can do." Counsel took an exception to the court's ruling and remark. The same question was again asked with the request that it be answered "Yes" or "No." Upon objection by the state as being useless repetition, the court directed the witness: "Answer the question to the best of your knowledge, that is all anyone can do." Counsel again took an exception to the ruling and remark. Then the following occurred:

"A. Well, I will say again that I think he was the man. Q. Well, I repeat my question again; can you be positive of it, absolutely? A. I had never seen the man before and I only saw him three or four minutes and he looks like the man. He got away from me and got into the woods and I cannot absolutely swear, but he looks like the man to me."

[1] The contention of appellant is that the court violated the provision of the constitution, art. 4, § 16, which reads: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." The scope and purpose of this provision of the constitution was clearly stated in *State v. Surry,* 23 Wash, 655, 63 Pac. 557, wherein upon referring to *State v. Walters,* 7 Wash. 246, 34 Pac. 938,

1098, and *State v. Hyde,* 20 Wash. 234, 55 Pac. 49, it
was said:

"In both of these cases it will be observed the ob-
jectionable remarks were addressed to the jury; and
hence were literally violative of the mandate of the
constitution. Here the case is different, the observa-
tions objected to having been directed to counsel. We
do not, however, wish to be understood as holding that
a judge, under this provision, is at liberty, during the
progress of a trial, to comment in the presence of the
jury on the facts which the jury must determine, in a
way calculated to influence their action; yet it is mani-
fest, from the language of the constitution, that its
primary and special object was to prevent comments on
the facts in evidence in connection with the instruc-
tions by which the jury are to be guided, and at a time
when such comments would be likely to affect their
minds. Prior to the adoption of the constitution, it
was said to be the custom of some of our judges, either
inadvertently or purposely, to indicate their opinions
as to the facts in cases before them in their instruc-
tions to the jury; and it seems to have been the object
of the framers of the constitution, in formulating the
provision in question, to correct this supposed evil.
But we do not think it was intended by this provision
to prevent the judges from giving counsel the reasons
for their rulings upon questions presented during the
progress of a trial, or to prohibit them, in all cases,
from stating, when necessary, the facts upon which
they base their conclusions."

To the same effect are the cases of *State v. Elder,*
130 Wash. 612, 228 Pac. 1016, and *State v. Frost,* 134
Wash. 48, 234 Pac. 1021. The rule, we think, is ap-
plicable here where the trial judge was not engaged in
advising the jury, but was addressing his remarks to
counsel relative to questions to a witness during the
progress of the trial. "The trial court is more than
a mere referee." *State v. Frost,* 134 Wash. 48, 234
Pac. 1021. It may be further stated that, in the present

case, the witness under direction of the court answered the question with reference to the particular language insisted on by counsel, saying: ''I cannot absolutely swear.'' In addition to this the court in charging the jury told them:

''You are the sole judges of the facts in this case, and in determining what are the facts you should use your calm, deliberate judgment. Under the law the court is not permitted to comment on the facts, and the court has not intentionally done so, but if it has appeared to you during the trial, either in ruling on the admission of evidence or in the giving of these instructions, or in any other way, that the court has commented on the facts, I now instruct you to disregard such comment in your deliberations.''

Upon the whole record in this respect, we are satisfied that the contention made on behalf of the appellant is not meritorious and that there was no violation of the constitutional provision referred to, nor prejudice to the rights of the appellant.

The second assignment of error is in no manner discussed in the appellant's brief, and the third assignment relates to an instruction to which no exception was taken. They require no further consideration by us.

The motion for a new trial was properly denied. Affirmed.

TOLMAN, C. J., PARKER, ASKREN, and MACKINTOSH, JJ., concur.