[No. 21085. Department One. August 29, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL
LAMBERT, *Appellant.*[1]

[1] CRIMINAL LAW (123) — INTOXICATING LIQUORS (51) — INSTRUC-
TIONS—EVIDENCE WRONGFULLY OBTAINED. In a liquor prosecu-
tion, obtained by the testimony of arresting officers, it is proper
to refuse an instruction to acquit if the jury find that the crim-
inal intent and act did not originate in his mind, but in the
minds of officers of the state, and that he was led by induce-
ment and persuasion to commit the act, where there was no evi-
dence of such inducement or persuasion; it merely appearing
that an officer made inquiry of the accused as to the possibility
of his purchasing liquor, and furnished an opportunity to com-
mit the crime which accused claimed was committed by another,
and that he was innocent of any participation.

Appeal from a judgment of the superior court for
Walla Walla county, Sharpstein, J., entered May 26,
1927, upon a trial and conviction of bootlegging, un-
lawful possession, and of prior convictions. Affirmed.

*Earl W. Benson* and *Sharpstein & Smith,* for appel-
lant.

*W. G. Coleman,* for respondent.

TOLMAN, J.—Appellant was tried and convicted upon
an information containing two counts. First, boot-
legging and, second, unlawful possession of intoxicat-
ing liquor with two prior convictions. The verdict
was guilty as charged and from a judgment and sen-
tence upon the verdict he has appealed.

The appellant has made no formal assignments of
error, but from his brief and the argument it is appar-
ent that he claims as error, the refusal of the trial
court to give to the jury certain instructions requested
by him. No other possible error is suggested. The
requested instructions are:

[1]Reported in 269 Pac. 848.

"You are instructed that it is not unlawful for the officers of the law to employ and use others to investigate or aid in the investigation of suspected offenses against the laws of this state, but it is not proper even during an investigation to entice or persuade anyone contrary to his own will or inclination, to violate the laws of this state; and if you find that the criminal design originated not with the accused, but was conceived in the mind of the officers of the state, and the accused was by persuasion or inducement lured into the commission of a criminal act, and the intent to commit such act did not originate in the mind of the accused, but did originate in his mind through the inducement or persuasion of the officers of the state and that such criminal intent would not have been conceived by the accused except through the persuasion or inducement of the officers, then the state is estopped from prosecuting the accused therefor.

"You are instructed that, under the law of this state, decoys may be used for the purpose of entrapping criminals and that it is permissible for the officers to lay a trap to detect one in the act of committing a crime. And such person who falls into such trap and thus does by reason thereof commit a crime can be convicted therefor. But when the criminal design originates not with the accused but is conceived in the mind of the officers of the state and the accused is by persuasion or inducement lured into the commission of a criminal act and the intent to commit such act did not originate in the mind of the accused except as it was suggested to him by the officers, the state is estopped by sound public policy from prosecuting the accused therefor."

[1] The appellant contends that the law is well settled to the effect that if the intent and purpose to commit a crime is initiated and produced in the mind of the accused by the solicitation and inducement of an officer of the state, and such intent would not have originated in the mind of the accused without such inducement, and he would not have committed it of his own volition, then there can be no conviction.

While the authorities are not all in accord, no case is cited which goes beyond the rule as we have here stated it, and practically all of the authorities sustaining the rule are replete with expressions to the effect that it does not rest upon any limitation of the right of an officer to obtain evidence of a crime in any manner possible, even to a participation in the criminal act, but it is only applicable in those cases where, by some scheme, device, subterfuge or lure, the accused is induced to adopt and pursue a course of conduct, which he would not have otherwise entered upon, and in such cases a conviction is against public policy. Among the authorities defining and discussing this rule are *Ritter v. United States,* 293 Fed. 187; *United States v. Echols,* 253 Fed. 862; *Scott v. State,* 70 Tex. Cr. 57, 153 S. W. 871 and *Butts v. United States,* 273 Fed. 35, 18 A. L. R. 143. An exhaustive note follows the case last cited in which most, if not all, of the authorities bearing upon the subject are considered and analyzed.

Assuming then, that the majority rule is as stated, was there here any evidence, or reasonable inference from evidence, from which the jury might have found that appellant was so induced or lured into the commission of the crime charged? If there was such evidence, an instruction along the lines requested would have been proper and a refusal to give it would have been error. If there was no such evidence, or reasonable inference from the evidence, any instruction on the subject would have been improper. It is necessary therefore to briefly state the evidence upon this question of inducement.

It appears that a special deputy sheriff named Ashenbrenner approached a man who was known to him by the name of Hendricks and made inquiry as to the possibility of purchasing liquor. Hendricks informed the deputy that he would see what could be done and

later, on the same day, introduced the deputy to the appellant and vouched for him as being all right. The deputy then inquired of the appellant in substance as he had of Hendricks as to the possibility of getting liquor, said that he wanted a gallon of moonshine and was told by the appellant that he could have it for ten dollars a gallon, and that it would be delivered about eight o'clock that evening at a certain specified place. At the time and place specified for delivery, Hendricks and the appellant appeared in the latter's automobile driven by him, and announced to the waiting deputy "we have it" or words to that effect. Hendricks alighted from the car, appellant handed him the gallon of moonshine from the car and he passed it to the deputy. The deputy gave the appellant a twenty dollar bill and he not having the change called upon Hendricks who supplied ten dollars in change and gave it to the deputy.

Appellant's theory of the case was that he had not been introduced to the deputy, and had not met him prior to the time of delivery, and of course they had no such conversation as that claimed by the state. He claimed that, by subterfuge, his friend Hendricks had induced him to drive him upon what he supposed was a perfectly innocent errand; that he did not know that Hendricks had any whiskey with him or that there was any in the car, and that, when they arrived at the place of delivery, he was apprised of the situation for the first time by Hendricks getting out of the car and taking out and delivering to the deputy the gallon of moonshine.

We fail to see in this anything indicating any lure, inducement or subterfuge on the part of the officer which could have caused the appellant to act. The officer's inquiry for liquor no more than offered an opportunity to commit a criminal act. *Ritter v. United*

*States, supra.* It was entirely lacking in the elements of lure or inducement and if there was any subterfuge in it whatever, it was only that of the concealing by the officer of his identity or his failure to disclose it, which was wholly insufficient to invoke the rule.

There being an entire lack of any evidence of inducement or of any fact from which a reasonable inference of inducement might be drawn, it was not error to refuse to instruct the jury as requested.

No other error being pointed out or argued, the judgment appealed from is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.