[No. 21995. Department Two. November 14, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. BRUNO ERLICH, *Appellant*.[1]

*T. D. Page*, for appellant.

*Ewing D. Colvin* and *Ralph Hammer*, for respondent.

FULLERTON, J.—The appellant, Bruno Erlich, after a trial by jury, was adjudged guilty of the crime of

[1]Reported in 282 Pac. 220.

maintaining a place for the unlawful sale of intoxicating liquor, and was sentenced to a term in the penitentiary. He appeals from the judgment and sentence, assigning errors which question the sufficiency of the evidence to sustain a conviction.

The evidence discloses that the appellant was, at the time of his arrest, engaged in the fuel and transfer business, having an office building in the city of Seattle at a place known as 1020 Howell street. Sometime in the evening of June 24, 1927, two police officers of the city of Seattle, dressed in plain clothes, went to the appellant's place of business with a third person, whom the officers knew as John, and were introduced by this person to the appellant. The officers then sought to purchase moonshine whiskey from the appellant, and were told that he had none at the place, but could get it for them. Inquiring as to the price of a pint bottle, they were told it was $1.50. This sum they handed to the appellant, who left the office for some fifteen minutes, returning with a pint bottle of moonshine whiskey. This he handed to the officers, who took it and carried it away. The officers returned on two subsequent occasions, on each of which much the same transaction took place. On the first of these, the appellant again explained why he could not make an immediate delivery, saying that he did not keep his cache at his place of business, and on the second, two marked dollars were handed him in payment for the liquor.

He was arrested on his return with the liquor on this last occasion, and the two marked dollars and an additional pint of liquor were found on his person. The state offered no evidence of other sales, and nothing very direct by way of circumstances which tended to show that the appellant was engaged generally in the sale of intoxicating liquors; the evidence along

this line being to the effect that his place was the resort of persons who had no apparent business with him, and that there was an unusual number of intoxicated persons on the street in his vicinity. The witnesses called in his own behalf, perhaps unwittingly, furnished some support to the state's case. The appellant's ostensible business, in the manner in which he conducted it, would not seem to require him to keep any considerable amount of change about his person, yet he was the usual resort of tradesmen in his vicinity when they found such change necessary for their own businesses. The appellant also testified on his own behalf. He made no denial of the transactions related by the police officers; on the contrary, he admitted that they took place much in the manner the officers related them. He also testified that he had performed like services for others, particularly for the man, John, mentioned by the police officers. His explanation was that his business brought him in contact with all of the illicit dealers in intoxicating liquors in his vicinity, and that he was able for that reason to make purchases of liquors when others could not; explaining further that he made such purchases for other persons merely for their accommodation, making no profit for himself out of the transactions.

The first contention of the appellant is that he is not guilty of the crime for which he was convicted, because the evidence does not establish the fact that he maintained a place for the sale of intoxicating liquors; that it shows nothing more than the fact that he acted as agent for others in the purchase of such liquors, and that this act, if it be a crime at all, is not the crime with which he was charged and convicted. But we think the question was for the jury. To be guilty of maintaining a place for the sale of intoxicating liquor, it is not necessary that the person

maintaining the place keep his supply of liquor at the place of sale, nor is it necessary that the person have a supply elsewhere or any supply of his own at all. The crime consists of the act of maintaining a place at which intoxicating liquor can be purchased, and if a person maintains such a place he is guilty of the offense denounced by the statute regardless of the source from which, or the manner in which, the liquor sold is obtained. It is doubtless true that one person may act as the agent of another in procuring intoxicating liquor for that other and not be guilty of maintaining a place for the unlawful sale of such liquor, but the evidence here justifies a contrary conclusion, and the question was thus one of fact for the jury rather than a question of law for the court.

The other contention is that the appellant was induced by the officers of the law to commit the acts charged against him as a crime, and that, for this reason, no conviction based on the acts shown can be sustained. But this contention does not require extended argument. Under the rule as we have hereinbefore announced it (*State v. Frost*, 134 Wash. 48, 234 Pac. 1021; *State v. Lambert*, 148 Wash. 657, 269 Pac. 848), the officers did nothing more than was lawfully permissible under their duties as such.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.