[No. 34447.   Department One.   June 19, 1958.]

THE TERRITORY OF ALASKA, *Respondent*, v. DAVID TEWKES-
BURY et al., *Appellants*.[1]

[1]Reported in 326 P. (2d) 1011.

*Yothers & Luckerath (George O'Dea,* of counsel), for appellants.

*Benj. L. Westmoreland, Jr.,* for respondent.

WEAVER, J.—Plaintiff, territory of Alaska by its acting commissioner of veterans' affairs, commenced this action in Snohomish county upon a demand promissory note payable to the order of the office of the territorial commissioner of veterans' affairs, an agency of the territory of Alaska. The note was signed by David Tewkesbury and William Tewkesbury.

The complaint alleges that, at the time the funds were advanced and the note executed, David and William Tewkesbury and their respective marital communities were residents of King county, Washington, and were engaged there in the publishing business as a copartnership.

David and Frances M. Tewkesbury, husband and wife, appeal from a money judgment against them.

The procedural history of this case in the trial court is divided into three phases.

First phase. The complaint was filed March 19, 1957. Personal service of the summons and complaint was made on David and Frances Tewkesbury March 21, 1957. Service was never made on William Tewkesbury and his wife.

March 29, 1957, appellants' first counsel served, but did not file, a notice of appearance. No further pleading having been made, counsel for plaintiff served and filed a motion for default judgment on April 19, 1957. April 26, 1957, a department of the superior court denied the motion for default upon stipulation of counsel that the case be set for trial on June 3, 1957. At the same time, appellants' first counsel filed an answer that admitted all the allegations of the complaint, except it denied that appellants "are indebted to the plaintiff in the principal sum of $4770.56, in addition to interest or any other sum."

The answer is verified by appellants' first counsel in the following language, omitting formal parts:

"That he is the attorney for the Defendants, David Tewkesbury and Frances M. Tewkesbury, his wife, and is

authorized to make this verification upon their behalf; that I have read the foregoing Answer, know the contents thereof and believe the same to be true."

May 10, 1957, plaintiff filed a motion for summary judgment. May 13th, appellants' first counsel filed and served his notice of withdrawal as attorney of record.

Second phase. May 21, 1957, appellants' second counsel filed a motion for an order authorizing him to file an amended answer, and he noted it for hearing on May 29, 1957. The proposed amended answer denied all of the allegations of the complaint and pleaded an affirmative defense.

May 27, 1957, the trial court entered an order which (a) denied plaintiff's motion for summary judgment; (b) denied appellants' motion for leave to file an amended answer, stating that "the answer of the said Defendants [appellants] as filed with the admissions contained therein shall stand"; and (c) denied appellants' oral motion for a continuance of trial date.

Third phase. June 3, 1957, the case came on for trial before a department of the superior court, other than the one which entered the order of May 27, 1957. Appellants' *third* counsel was substituted. He immediately filed a motion for leave to file an amended answer, supported by the affidavit of appellant David Tewkesbury. The affidavit states, omitting formal parts,

". . . that the original answer of defendants, David Tewkesbury and Frances M. Tewkesbury, his wife, on file in these proceedings was verified by affiant's original counsel [naming him] and contains admissions specifically contrary to affiant's instructions to his said counsel; that it does not state statutory grounds for his authority, as counsel, to make verification on behalf of defendants; that it was prepared and filed tardily after expiration of the twenty-day provision allowed in the Summons in spite of the prior assurance of [counsel] that the same would be filed promptly and in time; that affiant was first apprised of the contents of said answer when, after the same had been filed, he inspected the file herein and learned of plaintiff's motion for default; that by virtue of this situation, affiant's counsel [naming him], at his own request, withdrew and affiant then engaged [second coun-

sel] to represent him; that affiant has been denied an opportunity to properly plead and present his defense in this case; that on Friday, May 31, 1957 affiant consulted Carl B. Luckerath, attorney at law, . . . with respect to his legal rights and position as a defendant in the above-entitled suit; that he was at that time, for the first time apprised of a very material and significant defense available to the marital community of himself and wife . . . arising out of the circumstances of his domicile and permanent residence as the same bears upon the obligation constituting a basis of plaintiff's complaint herein; . . . that unless he is afforded an opportunity to amend his answer in these proceedings he will be deprived of a full, fair and complete hearing on his defense to plaintiff's cause of action.

"That defendants' motion for leave to file amended answer is not made for the purpose of delaying the trial of the issues in this action."

Although appellants' trial counsel had filed a written motion for a continuance, he waived this motion and stated:

"I am not making this [motion to file amended answer] to delay it and we can go to trial if we can file this amended answer and have an opportunity to present our theory of the defense."

The motion to file the amended answer was denied, and the case proceeded to trial. Appellants were bound by the admissions made in their first answer.

Appellant David Tewkesbury took the stand. An objection was sustained to a question propounded to him based upon the theory of the affirmative defense pleaded in the proposed amended answer; whereupon counsel made an offer of proof of the allegations of the proposed affirmative defense and rested the case.

As a liminal consideration, from the chronology of an action we frequently note that multiple substitutions of counsel appear to be made for the purpose of delay; but the record of the instant case does not support such a conclusion. Appellants' answer was due April 10, 1957. Fifty-four days later—June 3, 1957—the case was tried.

Did the trial court err (a) when it bound appellants by admissions made in an answer which was neither properly nor legally verified by appellants' original counsel; and (b)

when it refused to permit appellants to file an amended answer in which an affirmative defense was pleaded?

The right of counsel to verify a pleading on behalf of a party to an action exists to the extent and under the conditions that the statute permits.

RCW 4.36.010 provides, in part:

"The verification must be made by the affidavit of the party . . . if such party be within the county and capable of making the affidavit; otherwise the affidavit may be made by the agent or attorney of the party. . . . *When the affidavit is made by the agent or attorney it must set forth the reason of his making it.*" (Italics ours.)

The verification of the answer, quoted *supra*, made by appellants' first counsel does not meet the statutory requirement, because it does not state the reason disclosing counsel's authority to make it. Not having been duly verified as required by the statute, it could have been stricken on *plaintiff's* motion. RCW 4.36.220; *In re Sullivan's Estate,* 40 Wash. 202, 212, 82 Pac. 297 (1905); *Chapman v. Rose,* 135 Wash. 248, 253, 237 Pac. 708 (1925).

It does not necessarily follow that the defective verification entitled *appellants,* as a matter of right, to file an amended answer; ordinarily, a party cannot claim error based upon his own wrong. In the instant case, however, it appears from the uncontradicted affidavit of appellant David Tewkesbury, quoted *supra,* that the answer "contains admissions specifically contrary to affiant's instructions to his said counsel," so that the verification could not have been amended, over appellants' objection, during the trial of the case. See *Powell v. Continental Baking Co.,* 49 Wn. (2d) 753, 760, 306 P. (2d) 757 (1957).

Our disposition of this case is governed by the *rationale* of Pleading, Practice and Procedure Rule 6 (2), 34A Wn. (2d) 71, which provides:

"The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit, or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be com-

pletely determined as far as possible in a single proceeding. But the order or leave shall be refused if it appears to the court (a) that the motion was made with intent to delay the action, or (b) that the motion was occasioned by lack of diligence on the part of the moving party and the granting of the motion would unduly delay the action or embarrass any other party, or (c) that, for any other reason, the granting of the motion would be unjust."

While this rule vests in the trial court "great latitude in permitting the amendment of pleadings" (*Walker v. Sieg*, 23 Wn. (2d) 552, 558, 161 P. (2d) 542 (1945)), it must be noted that the rule prescribes the conditions which govern the *refusal* of a request to amend a pleading.

In the instant case, appellants' motions to file an amended answer were not made with an intent to delay the trial, set April 26, 1957, for trial on June 3, 1957; appellants offered to proceed with the trial on that day even though they be granted the privilege of filing their amended answer.

There is no basis for the claim of lack of diligence, for it appears from the uncontradicted affidavit of appellant David Tewkesbury that, as soon as he learned of the answer filed by his first counsel, he engaged a new counsel and moved for permission to file an amended answer.

No claim of embarrassment or surprise can be made for two reasons: (1) No objection was made by plaintiff's counsel that the amendment would surprise or place him at a disadvantage if the trial should proceed upon the proposed amended answer; and (2) the proposed amended answer did not involve "any other party." Nor does it appear from the record that "the granting of the motion would be unjust." The proposed amended answer would have placed "the real matter in dispute" before the court and would have permitted appellants to have their day in court upon a theory they were entitled to urge.

Not having established that any of the conditions of Rule 6, *supra*, that govern the refusal of a request to amend a pleading are applicable to appellant, we are constrained

to hold that the denial of appellants' motions to file an amended answer constituted an abuse of discretion.

The judgment is reversed and the case remanded to the trial court. Appellants shall have fifteen days after the remittitur is received by the clerk of the superior court to serve and file an amended answer.

Appellants will recover costs on this appeal.

HILL, C. J., MALLERY, OTT, and HUNTER, JJ., concur.

August 6, 1958. Petition for rehearing denied.