[No. 19454.  Department Two.  November 30, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL R. RAPPAPORT, *Appellant*, ETHEL RAPPAPORT, *Defendant*.[1]

INTOXICATING LIQUORS (51)— PROSECUTIONS—INSTRUCTIONS — AIDING AND ASSISTING. In a prosecution of a man and his wife, as jointists, it is proper to instruct that one who aids and assists another in conducting the place is a jointist, where the testimony was clear that they both participated and cooperated in making sales, especially where other instructions were to the effect that in order to convict the state must prove cooperation and participation by them in conducting and operating the place for the unlawful sale of intoxicating liquor.

CRIMINAL LAW (217)—TRIAL—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. A casual remark addressed to counsel in discussing a question relative to the testimony, in no way prejudicial, is not unlawful comment on the evidence.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 6, 1925, upon a trial and conviction of jointists. Affirmed.

*Adam Beeler (T. M. Royce*, of counsel), for appellant.

*Ewing D. Colvin* and *Eugene Meacham*, for respondent.

MITCHELL, J.—The appellant, Paul R. Rappaport, and his wife were jointly indicted and convicted of the crime of being jointists. From a judgment and sentence imposed on him, he has appealed.

There was evidence presented at the trial which showed that the appellant and his wife were the owners of, and operated, a delicatessen grocery store and restaurant, called the American Delicatessen, in a residence district in Seattle. Both were occupied in the store. Approximately nine sales of intoxicating liquor were

[1]Reported in 241 Pac. 4.

shown to have been made by the appellant, and delivered by him to the purchasers at the store. One witness testified that he purchased intoxicating liquor at the store from a brother of appellant's wife, in her presence. One witness testified that, on looking up the telephone number of the American Delicatessen, he ordered a quart of whiskey from that place, that a woman answered the telephone and that delivery was made at his hotel room by the brother of the appellant's wife. Still another witness testified that, at the store, he purchased from appellant a bottle of whiskey, and at the same time purchased two bottles of ginger ale and some paper cups from appellant's wife, and that all of the articles purchased from both were put in one paper sack by appellant at the suggestion of his wife. Witnesses testified that the general reputation of the place was that it was a place where liquor was sold. Appellant testified, under examination of his own counsel (not his present counsel), that, on a previous occasion, he had been convicted of the possession of intoxicating liquor with intent to sell.

The first assignment is that the court erred in instructing the jury:

"Under the law of this state, any person who opens up, conducts or maintains, or who aids or assists another to open up, conduct or to maintain any place for the unlawful sale of intoxicating liquor is defined to be 'jointist'."

The objection urged refers to the use of the words "aids or assists." The court gave no definition of those words—none was requested—and certainly, in the ordinary sense, the appellant and his wife were aiding one another under the theory of the state and the evidence produced on its behalf. But above this consideration of the ordinary use of the words, as applied to this case, the instruction must be considered in connec-

tion with other instructions, one of which (also objected to by the appellant) was as follows:

"In order to convict the defendants the state must prove the co-operation and participation in such conduct and maintenance by them."

And still another instruction, as follows:

"That the American Delicatessen and Bakery at 1405 East Madison Street, Seattle, was at or about December 28, 1923, a place conducted and maintained for the unlawful sale of intoxicating liquor."

As to the two last mentioned instructions, the court, of course, stated that the jury must be satisfied of those things beyond a reasonable doubt in order to convict.

The effect of instructions to a jury must be determined with reference to the facts of the case wherein they are given; and surely the appellant, who by the testimony was shown to have been the owner and operator of the store at which, according to the evidence, he sold and delivered intoxicating liquor, cannot successfully complain that the instructions were at all prejudicial to his rights.

The next assignment is that the court committed error in commenting on the evidence. It is unnecessary to set out the record which would be required to show the setting of the statement thought to be a comment. It was but a casual remark made by the court addressed to counsel and not to the jury in discussing a question relative to the testimony, which was in no way prejudicial. It falls within the rule announced in the cases of *State v. Surry,* 23 Wash. 655, 63 Pac. 557, and *State v. Elder,* 130 Wash. 612, 228 Pac. 1016, and cases cited.

The assignment that the court erred in denying appellant's motion for a new trial has been in no way discussed in appellant's brief other than inferentially

in connection with the matters hereinbefore mentioned and therefore requires no further consideration.

Affirmed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.