[No. 22132. *En Banc.* May 21, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE WILLIAMS, *Appellant.*[1]

*Kóhlhase & Cooperman,* for appellant.

*Joseph A. Mallery, Cecil C. Hallin,* and *J. E. Stone,* for respondent.

PARKER, J.—The defendant, George Williams, was, by information filed in the superior court for Cowlitz county, charged as a jointist as follows:

"He, the said George Williams on or about the 3 day of November, 1928, A. D., in the county of Cowlitz, state of Washington, and then and there being, did then and there willfully, unlawfully and feloniously conduct and maintain a place, known as the Kelso Hotel, situate in the city of Kelso, said county and state, for the unlawful sale of intoxicating liquor."

A trial in that court sitting with a jury resulted in a verdict finding defendant guilty, followed by final judgment thereon rendered against him, from which he has appealed to this court.

It was proven upon the trial, amply sufficient to warrant the jury in believing beyond a reasonable doubt, that, in a room known as room 20 in the building known

[1]Reported in 288 Pac. 221.

as the Kelso Hotel, appellant did on November 3, 1928, and on numerous occasions within one, two and three months prior thereto, sell and deliver to various persons intoxicating liquor while occupying that room; which occupancy was by him at least such as to enable him to freely, and without interference by others, make such repeated sales and deliveries of intoxicating liquor therein. The evidence rather plainly indicates that there was then conducted by some person other than appellant a hotel business in that building, apparently occupying the whole of the building, including room 20 in which appellant made the sales and deliveries of intoxicating liquor. It does not appear, however, that appellant had any interest in or connection with the hotel business being conducted in the building.

It is contended in behalf of appellant that there is a failure of proof to support the verdict and judgment, in that there is a variance between the proof, which pointed to his committing the offense only in room 20 of the hotel building, and the charge that he did ''conduct and maintain a place known as the Kelso Hotel . . . for the unlawful sale of intoxicating liquor.'' To our minds, the words ''Kelso Hotel,'' as used in this charge, mean nothing more than the place or the building within which the alleged offense is charged to have been committed. It seems to us of no consequence as to whether or not any hotel business was being conducted in that building, or as to who was conducting any such business therein at the time of the commission of the alleged offense. In our unanimous Department opinion in *State v. Colotis,* 151 Wash. 557, 276 Pac. 857, it is said:

''The full extent of the control exercised by the appellants over the place is not made certain by the evidence, but the evidence at all events shows their control of the place sufficient for them to freely carry on, without interference by others, the sale of intoxicating

liquor there. In other words, appellants were conducting the unlawful sale of intoxicating liquor there as a business. This was enough to render them guilty as jointists, though the principal business of the place was that of maintaining a restaurant, possibly by some person other than appellants.''

In that case there was drawn in question the guilt of the defendants as jointists who, in maintaining the place for the unlawful sale of intoxicating liquor, were doing so in a place maintained principally as a restaurant, with which business as such they had no connection, though they were there under such circumstances as to enable them to freely make sales of intoxicating liquor without any interference by others. We think that this appellant's control over room 20 in the Kelso Hotel building was at least such as to warrant the jury finding him guilty of maintaining that place as a place for the unlawful sale of intoxicating liquor under the law as announced in the *Colotis* case, and that it is immaterial in our present inquiry as to what additional control of the room by the one maintaining the hotel there may have been. Nor do we think it of any consequence that appellant was not using the entire building as a place for the unlawful sale of intoxicating liquor. The proof, we think, was clearly within the allegations of the information.

We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., BEALS, FULLERTON, TOLMAN, HOLCOMB, and MILLARD, JJ., concur.

FRENCH, J. (dissenting)—The defendant was, in the lower court, convicted of the crime of being a jointist. The charging part of the information is as follows:

"He, the said George Williams, on or about the 3d day of November, 1928, A. D., in the county of Cowlitz, state of Washington, and then and there being,

did then and there willfully, unlawfully and feloniously conduct and maintain a place, known as the Kelso Hotel, situate in the city of Kelso, said county and state, for the unlawful sale of intoxicating liquor.''

The testimony of eight different witnesses, some of whom were Federal prohibition agents and others local officers or men associated with and employed by them, tends to show conclusively that, in rooms 20 and 21 of the Kelso Hotel, on some few occasions, these witnesses had purchased liquor from the defendant, sometimes purchasing drinks and sometimes purchasing bottles of liquor. There is not a scintilla of evidence in the record in this case connecting the defendant Williams with the operation, ownership or control of the Kelso Hotel. It does not affirmatively appear from the record that he had even rented these rooms, 20 and 21, or that he was occupying them as a guest of the hotel, or that he was ever in the rooms, except at the time of the actual sales. It does affirmatively appear in the record that the Kelso Hotel is operated as a hotel; that it has a large number of rooms on both the first and second floors, and it inferentially appears from the record that this hotel was operated and maintained by a person other than the defendant.

This court has said:

"It is the opening up and maintaining of the place and not the actual sale which constitutes the offense, but proof of an illegal sale or sales is admissible to show for what purpose the place was kept." *State v. Greenwald*, 116 Wash. 463, 199 Pac. 730.

*State v. Bussi*, 121 Wash. 314, 209 Pac. 523; *State v. Burgess*, 111 Wash. 537, 191 Pac. 635.

In the last mentioned case, the court said:

"We are of the opinion that the opening up, conducting or maintaining of the place for the unlawful

sale of intoxicating liquor are the overt acts for which the law seeks to punish, . . . "

Our statute reads:

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist' . . . " Rem. Comp. Stat., § 7328.

I think it is apparent from reading the statute, and abundantly borne out by our decisions, that it is the opening up, conducting and maintaining of a certain specified place which is the crime denounced by the statute, and that, before the defendant can be convicted of the crime charged in the information, namely, that of being a jointist, it must affirmatively appear from some competent testimony that, either as principal or agent, directly or indirectly, he has some connection with the place which is designated as a joint. There is nothing in this testimony which would warrant the court in abating the Kelso Hotel as a nuisance.

The evidence in this case tends to show that these various sales took place at different times and on various dates. It fails to show that defendant registered at the Kelso Hotel as a guest, or was connected with the Kelso Hotel as owner, agent, proprietor, servant or employee. Indeed the record tends to show otherwise, indicating that the defendant was not a resident of Kelso, and very clearly indicating that the greater part of his activities were carried on beyond the territorial limits of the city of Kelso. In a prosecution for violation of the jointist statute, it is necessary to aver or prove: First, the existence of a joint, and that with sufficient certainty, so that the premises might be abated under our nuisance statute, and where, as here, the place is designated with certainty in the information, it must be proved as alleged; and second, that

54

the defendant opened, conducted or maintained, either as principal or agent, such place.

I therefore dissent.

MAIN, J., concurs with FRENCH, J.