[No. 22428. Department Two. September 3, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK KAPPEL, *Appellant.*[1]

[1]Reported in 290 Pac. 702.

*Elias A. Wright* and *Sam A. Wright* (*Frank Harrington,* of counsel), for appellant.

*Ewing D. Colvin, William J. Wilkins,* and *C. M. Thiel,* for respondent.

MAIN, J.—The defendant, by information, was charged with unlawfully opening up, conducting and maintaining a place for the sale of intoxicating liquor. The trial resulted in a verdict of guilty, and from the judgment and sentence the defendant appeals.

The place which the appellant was charged with opening up and conducting was at 415 Sixth avenue south, in the city of Seattle. Two Federal prohibition agents, on behalf of the state, testified that, in the year 1929, on each of the days of August 30, September 3, September 4, September 14 and September 16, they purchased liquor from the appellant at the place mentioned. The appellant, in his testimony, denied that he had sold liquor at the place, denied that he was in charge of the place at the time the liquor was purchased by the Federal prohibition agents, and affirmatively testified that he did not take charge of the place until September 18. The raid was made on September 19, and the appellant was then arrested. The appellant testified that he was to have charge of the place for three or four days during the absence of the two proprietors, one of whom was Nick Rubenack. There is no evidence of the sale of liquor during the two days during which the appellant admits having charge of the place. The principal defense to the charge was, as indicated by the testimony of the appellant, that he was not there at the time that the liquor was sold, and that the officers who purchased the liquor had mistaken him for Rubenack, who was a man that resembled him. There was other testimony offered by appellant which tended to corroborate him. It is conceded that the

evidence was sufficient to take the case to the jury, and no question is raised as to the insufficiency of the evidence to justify the verdict. The errors claimed relate to instructions given and requests refused.

▌ Complaint is made of an instruction in which the jury were told that, if they found that the premises at 415 Sixth avenue south, in the city of Seattle, were conducted or maintained for the unlawful sale of intoxicating liquor, then any person engaging, participating or cooperating in the process of conducting or administering the establishment was in law conducting or maintaining the same, regardless of what may have been the peculiar relations of such person to the place where the business was conducted, whether as employer or employee. Preceding this instruction, the jury were told that, before they could convict the defendant, one of the things that was necessary for them to find was that:

" . . . the defendant, either as principal or agent, opened up, conducted or maintained the said place for the purpose of the sale of such intoxicating liquor,"
and further that,

" . . . in order to convict the defendant, the state must prove the cooperation and participation in such conduct and maintenance by them (him)."

There was no error in the instruction complained of, especially when it is read in connection with what had preceded it. *State v. Perrin,* 127 Wash. 193, 220 Pac. 772; *State v. Rappaport,* 136 Wash. 603, 241 Pac. 4; *State v. Dahl,* 139 Wash. 644, 247 Pac. 1023.

▌ Another instruction complained of is that with reference to the right of the state or prosecuting attorney to employ special officers or investigators for the purpose of collecting evidence, and that it was for the jury to determine from all the evidence in the case, "including that of the special officers or investigators

who have testified," whether the appellant was guilty as charged. It is admitted that this instruction is a correct statement of the law and supported by the previous holdings of this court, but it is said there is no evidence in the case now before us which made the instruction proper. It is said that the evidence fails to show that special officers or investigators were employed by the state or prosecuting attorney, as recited in the instruction. While the instruction is not apt in this regard, the special officers and investigators being Federal prohibition agents, it is plain that the jury understood what the court was referring to. The instruction as given does not furnish a substantial basis for the claimed error.

In the instructions requested and refused, there was embodied the thought that, if the appellant had no "conscious" part in the opening up, conducting or maintaining the place for the unlawful sale of intoxicating liquor, then the verdict should be one of not guilty. While this would have been a proper instruction to give, based upon the theory of the appellant that he was not present in the place except on September 18 and 19, the refusal to give it was not prejudicial error under the particular facts of this case. The principal issue was whether the appellant was present and sold liquor to the Federal prohibition agents on the dates that they testified to having made the purchases. As already stated, there was no evidence of purchases on September 18 or 19. It is plain that the jury would not have convicted the appellant under the instructions given had they believed that the purchases by the Federal prohibition agents were not made from him.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, and HOLCOMB, JJ., concur.