[No. 22864. Department One. March 31, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. ADOLPH
NORMAN, *Appellant.*[1]

*H. Sylvester Garvin,* for appellant.

*Robert M. Burgunder* and *Cordelia M. Thiel,* for
respondent.

HOLCOMB, J.—The original information herein,
charging appellant with being a jointist, simply
charged that he did, in King county, Washington, on
about July 3, 1929, wilfully, unlawfully, and felon-

[1]Reported in 297 Pac. 216.

526

iously, then and there open up, conduct, and maintain a place for the unlawful sale of intoxicating liquor.

To this information, a demurrer and a motion for a bill of particulars was interposed, upon hearing which the demurrer was overruled, and an order was entered requiring the state to make it more definite and certain. A new information was then filed, which alleged that appellant did, in King county, Washington, on about July 3, 1929, wilfully, unlawfully, and feloniously, then and there open up, conduct, and maintain a place at 1520 Melrose avenue in Seattle for the unlawful sale of intoxicating liquor.

No demurrer or motion for bill of particulars was interposed as to the new information, and appellant was thereafter arraigned on the new information and entered a plea of not guilty.

When the case was called for trial in the court below, and after the jury had been impanelled, qualified, and sworn, the state moved to amend the information by adding to the description of the premises after the word "place", the words "Apartment No. 304, Melrose Apartments". Counsel for appellant then objected to any amendment, and made an oral renewal of the demurrer to the information. The demurrer was overruled, and the amendment was allowed. No showing was made or offered by appellant that he would be misled by such amendment, and no motion for continuance was made.

Three assignments of error relate to the demurrer and oral renewal of demurrer at the time of trial by appellant. Many cases are cited upon this question, especially from the United States supreme court, which are not controlling, and are useless to discuss.

■ While it is true that it is always open to the defendant to move the judge before whom the trial is

had to order the prosecuting attorney to give a more particular description, in the nature of a specification or bill of particulars, of the acts on which he intends to rely, and to suspend the trial until this can be done, and that such an order will be made whenever it appears necessary to enable the defendant to meet the charge against him or to avoid danger of injustice, there was no attempt in this case to show that the amendment made at the trial was such as to constitute danger of injustice, or render appellant unable to meet the charge against him. In fact, the prosecutor voluntarily made the charge more specific as to the place where the joint was alleged to have been conducted. It was authorized under the provisions of subdivision 2, Rule IX, relating to criminal procedure of the rules of this court (140 Wash. xli).

■ Moreover, the original information was sufficient in the absence of a motion for bill of particulars. *State v. Burgess,* 111 Wash. 537, 191 Pac. 635; *State v. Fairfield,* 140 Wash. 349, 248 Pac. 810; *State v. Williams,* 157 Wash. 49, 288 Pac. 221; *State v. Karros, ante* p. 329, 297 Pac. 154.

The motion for a bill of particulars having been granted by the trial court, and having been made more specific at the trial, no injustice was done appellant.

■ Error is assigned as to a certain instruction given by the court, to the effect that it is the right of the Federal administration or the state to employ special officers or investigators for the purpose of collecting evidence in such cases as this, as well as in other cases, and it would be for the jury to determine from all the evidence in the case, including that of the special officers or investigators who had testified, whether appellant was guilty of the crime charged against him.

The principal witnesses testifying for the state were Federal prohibition agents who had been used by the state to procure evidence. Appellant argues that these Federal prohibition agents were required, under the eighteenth amendment to the United States constitution and the Volstead act (41 Stat. 305), to report such violations as came within their knowledge to the proper United States district attorney for prosecution in the Federal courts.

The eighteenth amendment, itself, makes the jurisdiction of the several states and the Federal government concurrent. Either a state or the Federal government has the right to act upon evidence procured by the other. If the agents owed any further duty to their superior, presumably they performed it. There is nothing to the contrary in a very recent case, decided by the United States supreme court, cited by appellant. *Go-Bart Imp. Co. v. United States,* 51 Sup. Ct. 153. That was a case involving unreasonable search and seizure of property belonging to appellant in the case by Federal officers, which was governed principally by the fourth amendment to the United States constitution relating to unreasonable searches and seizures.

The instruction given conforms to our settled law. *State v. Smith,* 127 Wash. 588, 221 Pac. 603, *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019, *State v. Kallas,* 133 Wash. 23, 233 Pac. 315, *State v. Kappel,* 158 Wash. 370, 290 Pac. 702.

■ Appellant also asserts, generally, that it cannot be determined with certainty whether he was prosecuted under the jointist statute, or under an earlier statute (Laws of 1903, p. 31; Rem. Comp. Stat., § 7342). Section 7342 was a statute prohibiting one from maintaining a room for unlawful use. A like question was presented in *State v. Lesh,* 132 Wash.

309, 232 Pac. 302, where it was contended that the trial court should have given an instruction to the effect that the provisions of § 7342, *supra,* were included within the charge of being a jointist [Id., § 7328] and we denied the contention. We had occasion to say:

"The jointist act, being a later one than that mentioned in this request, would certainly have the effect of modifying it, in so far as it pertains to the maintenance of a place for the unlawful sale of intoxicating liquor. That was the only question involved here. The remainder of § 7342 is not included in the offense of being a jointist. For these reasons the request was properly refused."

Appellant argues that the above language in that case was mere dictum and should be disregarded. We do not so consider. It was a question to be determined.

We find no error and the judgment is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.