[No. 23310. Department One. December 15, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE BENGSON, *Appellant.*[1]

[1]Reported in 5 P. (2d) 1040.

*Fred H. Dore,* for appellant.

*Robert M. Burgunder* and *Theodore S. Turner,* for respondent.

PARKER, J.—The defendants, White and Bengson, were, by information filed in the superior court for King county, jointly charged with the crime of burglary in the second degree, as follows:

"They, said Jack White and Joe Bengson, and each of them, in the county of King, state of Washington, on or about the 7th day of January, A. D. 1931, with intent to commit a crime therein, wilfully, unlawfully, feloniously and burglariously did break and enter the store building of John Lavenger known as the Granger Dry Goods Store, located at Selleck, said county and state, the same being a building wherein property was then and there kept for use, sale and deposit."

White pleaded guilty. The trial of Bengson proceeded in the superior court, resulting in a verdict finding him guilty as charged, upon which final judgment of conviction was rendered against him, from which he has appealed to this court.

The jury was fully warranted by the evidence in viewing the facts pointing to the guilt of Bengson to be, in substance, as follows: At the time in question, John Lavenger owned and operated a store in the town of Selleck, situated in King county some thirty miles southeast of Seattle. He lived in his residence across the street from his store. Raymond Lofgren, employed as a clerk in Lavenger's store, also lived at Lavenger's residence. There was an electric burglar alarm connecting the store with the residence.

On January 7, 1931, at about nine o'clock in the evening, the store was closed for the day, all doors and windows being locked. At about one-thirty o'clock that night, the burglar alarm sounded in the residence. Heeding that warning, Lavenger and Lofgren hur-

riedly got up and went to the store. They found two burglars in the store, who evidently had entered through a side window. As the two burglars were coming out of the door, which evidently could be opened from the inside, carrying goods from the store, they were confronted by Lofgren, who recognized Bengson as one of them. Lofgren did not get a sufficiently good view of the other to be able to identify him. The burglars immediately ran back into the store and escaped through a window, carrying some goods from the store with them. Lavenger did not get a sufficiently good view of them to identify either of them.

About ten o'clock the next evening, a Buick sedan was stolen in the town of Ravensdale, situated some six miles west of Selleck. The police of Seattle being notified of the stealing of the Buick sedan, two of their officers, who were patroling the southern portion of the city in a prowler car, found the Buick sedan there on the side of one of the outlying streets, at about one o'clock that night. Bengson was lounging in the front seat of the sedan immediately behind the steering wheel. By him, in a pocket of one of the front doors, was a revolver, with its handle exposed. White was in the back seat, apparently asleep. On the floor back of the front seat was a number of articles which had been stolen from Lavenger's store during the previous night.

The officers then arrested White and Bengson and took them to the police station. On searching their persons, there was found, in one of White's pockets, a bunch of new, unused handkerchiefs, which had been stolen from Lavenger's store during the previous night. On being questioned by the officers, while they were searching the sedan at the time of the arrest, White and Bengson both denied possession of the articles on the floor of the sedan, and also denied knowl-

edge of their being there. Bengson then admitted ownership of the revolver.

White did not testify on the trial of Bengson, nor was White's plea of guilty introduced in evidence upon the trial of Bengson.

■ Contention is made in behalf of Bengson that the trial court erred to his prejudice in letting the testimony of the officers go to the jury with reference to their finding the handkerchiefs in White's pocket when he was searched at the police station. It is argued that such possession by White was not admissible as evidence against Bengson.

In view of White and Bengson being charged as having jointly committed the burglary; the evidence of the burglary being committed by Bengson, with another person participating therein; the evidence of the handkerchiefs being stolen from Lavenger's store at the time of the burglary; and the finding of White and Bengson together in the stolen sedan, both having possession of the other stolen articles; we are of the opinion that the possession of the handkerchiefs by White was properly admitted as an item of circumstantial evidence pointing to Bengson's guilt. Our decisions in *State v. Blackwood,* 103 Wash. 529, 175 Pac. 168, and *State v. Franklin,* 124 Wash. 620, 215 Pac. 29, support this conclusion.

■ Contention is further made in behalf of Bengson that the trial court erred to his prejudice by comment on the facts. The remark of the judge of which complaint is made, addressed to counsel for Bengson in connection with a ruling made in his favor, was of minor consequence. We are unable to see that it was at all likely to influence the jury. Besides, we do not find in the record any request for the judge to withdraw the remark or caution the jurors against its

616

possible influence upon them. *State v. Rappaport,* 136 Wash. 603, 241 Pac. 4; *State v. Polos,* 140 Wash. 399, 249 Pac. 488.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, BEELER, and HERMAN, JJ., concur.

[1]Reported in 6 P. (2d) 61.