[Crim. No. 149.   Fourth Appellate District.—November 17, 1932.]

THE PEOPLE, Respondent, v. STEWART RICHMOND, Appellant.

Burns & Watkins and David E. Peckinbaugh for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

MARKS, Acting P. J.—Appellant is accused by an information filed by the district attorney of Fresno County of the crime of burglary, alleged to have been committed on the nineteenth day of October, 1931, by entering the Fort Washington School in Fresno County with intent to commit the crime of theft therein. He was found guilty as charged and judgment was pronounced upon him. His motion for new trial was denied, as well as a motion in arrest of judgment.

The evidence discloses that some time between about 3 o'clock in the afternoon of Sunday, the eighteenth day of October, 1931, and 8:30 o'clock in the morning of the next day, a pump-house on the school grounds was broken into and an electric motor taken therefrom. The motor had attached to it a brass plate with a serial number stamped into it and was painted black when last seen in the pump-house. Several months later a motor, similar to the one taken from the pump-house, was found in the possession of appellant at a service station which he was operating at Auberry in Fresno County. This motor had a coat of blue

paint covering a coat of black, and the brass plate bearing the serial number had been removed.

Appellant maintains that there was no sufficient evidence in the record identifying the motor found in his possession as that taken from the pump-house on the Fort Washington School grounds. We have examined the record carefully and do not deem it necessary to set forth in detail the evidence on this question. We are satisfied that the evidence of the identity of the motor was sufficient to require the trial court to submit the matter to the jury. At least one witness tesified that the motor in the possession of appellant was the one taken from the Fort Washington School pump-house.

The direct evidence which connected appellant with the crime of burglary was furnished by Lester Linville. He testified that he participated in the commission of the crime. Appellant maintains that there is no sufficient evidence corroborating the testimony of Linville, an admitted accomplice, to support the judgment against him. In this we cannot agree with him. He was found in possession of the stolen motor from which the brass plate, bearing its serial number by which it could have been identified, had been removed. The motor had been painted blue and a can which formerly had contained blue paint of the exact color of that on the motor was observed on a shelf near the stolen motor in appellant's service station. It has been repeatedly held in California that circumstances such as these furnish sufficient corroboration of the testimony of an accomplice to support a judgment of conviction. (*People* v. *Nikolich,* 93 Cal. App. 356 [269 Pac. 721] ; *People* v. *Yeager,* 194 Cal. 452 [229 Pac. 40] ; *People* v. *Negra,* 208 Cal. 64 [280 Pac. 354].)

Shortly after his arrest appellant was interrogated by a deputy district attorney and a deputy sheriff of Fresno County in the presence of a court reporter, who took down the proceedings and afterward transcribed his stenographic notes. Over the objection of appellant, upon the sole ground that the stenographic notes constituted secondary evidence, the reporter was permitted to read them to the jury. After this was concluded the following appears in the reporter's transcript: ''Mr. Burns: Now I ask that this deposition be filed as an exhibit in this case for what it is worth. Mr.

Thomas: I made the offer at the time. The Court: It will be admitted in evidence; and you are offering it, Mr. Burns, at this time, then? Mr. Thomas: I made the original offer. The Court: Let it be marked People's Exhibit 2. Mr. Burns: Yes. I made no objection to your offer." The least that can be said is that counsel for appellant joined in the offer in evidence of the stenographic notes as transcribed by the reporter. This was a waiver of any former error which might have been committed by the court in permitting the reporter to testify and appellant cannot now be heard to urge such error here. (*People* v. *Wignall*, 125 Cal. App. 465 [13 Pac. (2d) 995].)

Appellant complains of several instructions given by the trial court, and also of the refusal to give instructions which he proposed. It is not necessary to extend this opinion by a detailed consideration of each instruction. We have carefully reviewed all instructions given, as well as those proposed and refused. In the rulings of the trial court upon these instructions we do not find any error sufficiently prejudicial to warrant a reversal of the judgment.

■ Appellant moved for a new trial and as one of his grounds specified newly discovered evidence. We have examined the supporting affidavits and find that the proposed evidence set forth in them is merely cumulative of other evidence offered at the trial, and evidence impeaching the testimony of some of the People's witnesses. There is no sufficient showing why the evidence of the new witnesses, with the exercise of reasonable diligence on the part of appellant, could not have been discovered prior to the trial and produced there. No error was committed in denying the motion for new trial upon this ground. (*People* v. *Hewitt*, 101 Cal. App. 306 [281 Pac. 666]; *People* v. *Ledbetter*, 106 Cal. App. 109 [288 Pac. 832].)

■ In support of his motion in arrest of judgment appellant maintains that the information failed to charge a public offense in that it alleged that he entered "the Fort Washington School" and did not charge that he entered any house, room, outhouse or other building. A similar situation is found in the case of *People* v. *Pettinger*, 94 Cal. App. 297 [271 Pac. 132], where the defendant was charged with entering "the Murr Bros. Service Station". In that case the court held that the information charged a public

offense. Under the authority of the Pettinger case we have concluded that the information charged a public offense against appellant and that his motion for arrest of judgment was properly denied.

In his brief appellant states certain other grounds upon which he believes the judgment should be reversed. He has failed to argue these points or cite authorities supporting them, which relieves us of a detailed consideration of them. (*People* v. *Hayes,* 72 Cal. App. 292 [237 Pac. 390].)

The judgment and order are affirmed.

Jennings, J., and Ames, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 30, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 15, 1932.