## STATE v. THOMAS.

No. 7808.   Decided May 19, 1952.   (244 P. 2d 653.)

See 12 C. J. S., Burglary, sec. 65. Possession of stolen property as evidence of guilt. 20 Am. Jur., Evidence, sec. 225; 162 A. L. R. 531.

*Blaine V. Glasmann, Jr.,* Ogden, for appellant.

*Glenn W. Adams,* Dist. Atty., Ogden, *Clinton D. Vernon,* Atty. Gen., *Richard J. Maughan,* Ass't Atty. Gen., for respondent.

CROCKETT, Justice.

Defendant appeals from a conviction of burglary in the third degree. The two questions posed which are of sufficient importance to notice herein are:

(1)    Defendant's contention that the court should have ruled as a matter of law that he gave a "satisfactory explanation" of his possession of recently stolen property; and

(2)    His charge that the district attorney was guilty of prejudicial misconduct in threatening and coercing a defense witness.

We recognize the correctness of the defendant's assertion that mere possession of recently stolen property, if not coupled with other inculpatory or incriminating circumstances, would not justify submission of the case to the jury and would not be sufficient to support a conviction. *State* v. *Kinsey,* 77 Utah 348, 295 P. 247, and cases therein cited; *State* v. *Nichols,* 106 Utah 104, 145 P. 2d 802. Conversely however, possession of articles recently stolen, when coupled with circumstances inconsistent with innocence, such as hiding or concealing them, or of making a false or improbable or unsatisfactory explanation of the possession, may be sufficient to connect the possessor with the offense of burglary and justify his conviction of it.

Concerning the crime of burglary, we have no statute such as Section 103-36-1, U. C. A. 1943 which makes possession of recently stolen property, coupled with an unsatisfactory explanation thereof, prima facie evidence of guilt of larceny. However, where the larceny must have been committed in connection with a burglary. In the case of *Gransbury* v. *State,* 64 Okl. Cr. 408, 81 P. 2d 874, 876, the court said:

"Burglary is one degree removed from larceny; but when the facts in evidence warrant the finding of the larceny, and the surrounding circumstances are such as to show that the larceny could not have been committed without the burglarious entry, the evidence is sufficient to warrant the finding of the burglary also."

This Court has on prior occasions assumed such to be the law. *State* v. *Kinsey,* supra; *State* v. *Nichols,* supra; *State* v. *Crawford,* 59 Utah 39, 201 P. 1030. See also *State*

v. *Ebel*, 92 Mont. 413, 15 P. 2d 233; *People* v. *Richmond*, 127 Cal. App. 538, 16 P. 2d 179; 12 C. J. S., Burglary § 59, page 735.

According to the foregoing authorities, in order for the defendant's possession of recently stolen property to be sufficient to support a conviction of burglary, such possession must be recent, that is, not too remote in point of time from the crime, personal, exclusive, (although it may be joint if definite) distinct, conscious, and such possession must be coupled with a lack of a satisfactory explanation or other incriminating circumstances or conduct as hereinabove mention. And if these conditions are met a case sufficient to sustain a conviction is made out.

The evidence in this case satisfies the above requirements as to the defendant's possession of property recently stolen and which was positively identified as having been taken in the burglary. Defendant does not dispute this. His contention is that he made a reasonable and satisfactory explanation of his possession of the stolen goods, and asserts that, there being no other evidence of his guilt, there was insufficient evidence to take the case to the jury.

The "satisfactory explanation" relied on by the defendant, apparently is his story given at the trial as to how he same into possession, that

"* * * a friend came over and handed them to me and as soon as he handed them to me I was arrested by Officer Allen."

He also stated that he was arrested "within two minutes" after he got them. This explanation, standing by itself, may be regarded as "satisfactory." However, it is to be measured in the light of all the surrounding circumstances and the other evidence in the case.

The State's evidence was that Mr. Edward Underwood's car was burglarized some time in the forenoon of August

15, 1950, and some tools were taken from it. Officer L. A. Jacobsen testified that at about noon on that day he observed the defendant Thomas coming out of the National Tavern; noticed a bulge under his coat; that as the defendant reached the middle of the sidewalk a wrench dropped from his coat; that he kept watch of the defendant and sent word for a prowl car; that it was from seven to ten minutes later when such car arrived.

Officer Wilson A. Allen testified that on a tip that the defendant was trying to dispose of some tools, he drove his prowl car to where the defendant was standing on the street; that he noticed the defendant pushing something up under his coat and further testified:

"I walked over and asked what he had, * * * I said, 'Let's see what you got, Virg?' He said, 'I got a jug.' I opened his coat and these tools fell out. They were in a torn blue bedspread, a piece, that had the tools in this. I said, 'Virg, this don't look much like a jug to me.' He didn't have much to say."

Officer Allen asked the defendant where he got the tools and the first reply was that he got them at the place of a friend; then on further questioning, that he got them at the friend's mother's place. The officer checked the story and found that the defendant had not obtained them there.

It is thus plain to be seen that the defendant's explanation State. Whether he made a "satisfactory explanation" of his own prior statements, and with evidence given for the State. Whether he made a "satisfactory explanation of his possession was for the trial court to determine in the first instance. If the evidence was such that the court could reasonably conclude that the explanation was not satisfactory, then it was the court's duty to submit the case to the jury and let them consider the explanation, in connection with all of the other evidence in the case, in determining the defendant's guilt or innocence. *State* v. *Brooks,* 101 Utah 584, 126 P. 2d 1044. See also discussion therein as to what constitutes a satisfactory explanation. Under the

evidence in the instant case the court properly denied the motion for a directed verdict and submitted the cause to the jury.

As to the second assignment: The alleged misconduct of the district attorney in coercing a defense witness: On the day of the trial, during the noon recess, the Assistant District Attorney, L. Roland Anderson, asked Roy Allen, who was present at the time of defendant's arrest, to come into the library, and questioned him concerning his knowledge of the incident. His memory was very hazy and he seemed reluctant to give information. According to the testimony of Officer L. A. Jacobsen, who was present at this questioning, the prosecutor told Allen,

"* * * if he got on the stand and lied, and you [the prosecutor] could prove it that he did, that you would see about putting a charge of perjury against him, * * *"

This is the extent of the threat complained of. The witness Allen did not tell the prosecutor that he was under subpoena to testify for the defendant ,and the proceeding on the motion for a new trial indicates that it is the prosecutor's contention that he did not know it. Even if he had known, it would not have been improper for him to question the witness for the purpose of procuring information which may have been valuable for use in the State's case.

It is true, as stated by this court in State v. Murphy, 92 Utah 382, 383, 68 P. 2d 188.

"While District Attorney is obligated to prosecute persons brought to trial with vigor and earnestness, he owes defendant duty to be fair in conduct of trial * * *."

A good statement as to the proper decorum of a prosecutor is contained in Berger v. United States, 295 U. S. 78, 88, 55 S. Ct. 629, 633, 79 L. Ed. 1314, 1321:

[a prosecutor is]

"* * * in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or inno-

cence suffer. He may prosecute with earnestness and vigor * * * But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."

We see no violation of these principles by the prosecutor in the instant case. In addition to this, there is no allegation or claim that the testimony of the witness was different after the meeting with the prosecutor than it would have been otherwise. In fact, it was substantially the same as that given by another of the defendant's witnesses. There is, therefore, no showing that there was any prejudice to the defendant. It has been correctly held that a statement of the district attorney to the effect that he was "going to see to it that there was no perjured testimony" was not prejudicial to the defendant in intimidating his witnesses. *Henwood* v. *People,* 57 Colo. 544, 143 P. 373; *State* v. *Williams,* 124 La. 779, 50 So. 711. Such a statement, although it may have been unnecessary, could not have frightened or affected the testimony of an honest witness.

Judgment affirmed.

WOLFE, C. J., and WADE, McDONOUGH and HENRIOD, JJ., concur.