315 P.2d 976

**STATE of Utah, Plaintiff and Respondent,**
**v.**
**Edward MANGER, Defendant and Appellant.**
**No. 8658.**

Supreme Court of Utah.
Oct. 7, 1957.

Clyde & Mecham, James L. Barker, Salt Lake City, for appellant.

E. R. Callister, Atty. Gen., Maurice D. Jones, Asst. Atty. Gen., for respondent.

WADE, Justice.

Edward Manger appeals from a conviction of burglary in the second degree on the grounds that the evidence was insufficient as a matter of law to connect him with the crime and that the evidence was insufficient to prove an entry in the night-time.

At the trial appellant did not testify nor did he call any witnesses in his behalf. From the evidence produced by the state it appeared that when John Hunt the owner of the Twin Rocks Trading Post in Bluff, Utah, a business consisting of a tavern and a general merchandise establishment located in the same building and divided only by a partition, arrived at the store at about 8:30 a.m. on July 13, 1956, he discovered that the premises had been broken into and burglarized. Missing were cash, shirts and jewelry which had been in the store when he locked up the merchandise part of the business about 7 p.m. on July 12. When last seen by the proprietor just before closing the store the cash drawers contained about $20 worth of half dollars, $100 in currency, $5 or $6 in dimes and a till full of pennies. In the showcase there reposed Indian type jewelry, some Timex wrist watches and shirts. All of these items were missing the next morning. Ingress into the store had apparently been made by slashing a screen door in the back porch, raising the latch, then raising a kitchen window. The kitchen had an unlocked door leading directly into the store.

Appellant who had arrived in Bluff a few months prior to the date of the burglary as a construction worker had stayed in an old ramshackle house occupied by at least three other workers. This house was about a block from the Twin Rocks Trading Post. There were no locks on doors and everyone had free access to the entire house. Appellant and another worker shared the back porch as their bedroom. Appellant had severed his connections with his job a few days prior to the burglary and had received payment for the work he had done. On July 12 appellant had spent most of the day in the Twin Rocks Trading Post Tavern drinking beer and was present when the owner asked the barmaid to close up the place after business hours because he was leaving early to spend the night in Blanding with his sons. Appellant was still present when the barmaid checked and closed the place shortly after midnight and accompanied her and some other people to a supper party. This party broke up sometime between 1:30 and 2:00 a.m. of July 13 after a dice game which had been

started, and in which appellant was to have been a participant, came to a speedy end because of lack of small change, no one being able to change a $10 bill belonging to appellant. At the conclusion of the party appellant was driven to his home by the barmaid and all other participants were in their homes by 2 a.m. At about 3:15 a.m. the occupants of the place in which appellant lived and who had gone to bed about 9:30 p.m. were awakened by a flashlight and the noise of someone coming through the house, going out to the back and re-entering in a short time. The person then came into the back porch, stood on the bed used by appellant to sleep in and reached towards the ceiling. After the burglary was discovered and the sheriff notified, a search was made of the premises in which appellant stayed. With the aid of appellant's roommate, the sheriff found shirts similar to those missing from the store in a box behind the chicken house, a paper bag containing pennies under an outside porch and in appellant's clothing hanging in his bedroom about $15.50 worth of half dollars, and a couple of new Timex wrist watches. After the sheriff left, this same roommate found a bag of jewelry in a hole in the ceiling over appellant's bed where he had observed someone standing in the early morning hours. Some of the jewelry in this bag still retained the Trading Post's cost marks on them. This bag was turned over to the deputy sheriff. Appellant was present when the cash, shirts and wrist watches were found but denied knowledge of any of these items except the wrist watch and the half dollars found in his trousers. As to those, the sheriff testified that appellant claimed to have won them at a dice game at the party he had attended that night. Other witnesses who were present at the party testified that no merchandise was won in the dice game and that the game ended almost as soon as it started for lack of small change, no one having change and with something less than a dollar having changed hands.

Appellant concedes that possession of recently stolen property is sufficient to sustain a conviction of burglary if such possession is not too remote in point of time from the crime and if such possession is personal and exclusive and is not satisfactorily explained or there is other incriminating conduct or circumstances.[1] However, appellant contends the evidence was insufficient as a matter of law to show that appellant actually had possession of the articles or that there was sufficient identification of the articles found as those stolen from the Trading Post. There might have been some merit to the contention that the evidence was insufficient to show that appellant had exclusive possession of recently stolen property since all the articles were found in places to which the other occu-

1. See State v. Thomas, 121 Utah 639, 244 P.2d 653.

pants of the premises had equal access, and furthermore the owner had failed to definitely identify the articles as those which had been stolen from him. However, appellant was the only one who claimed ownership of the half dollars and the Timex wrist watch found in his trousers. This was a concious assertion of possession by the accused of articles claimed to have been stolen. Just before closing the owner of the Trading Post had seen about $20 worth of half dollars in one of the cash drawers. The next morning all those half dollars were missing. There was evidence that before 2 o'clock in the morning of July 13 appellant did not participate in a dice game because he could not get a $10 bill changed and apparently no one present was able to change it. If appellant had possessed those half dollars at that time it is reasonable to assume that he would have used them under the circumstances, and would not have had to claim that he had won them in that game. Although possession of money itself would not be proof of the fact that it had been stolen, still the fact that the money found and the money taken corresponded in a fairly close way plus the fact that the evidence tended to prove that he did not have that money shortly before the burglary, is sufficient to identify the money as that which was stolen.[2] Some of the other articles found still had the owner's cost marks on them. In view of the fact that all of the articles were of the same description as those missing from the store and since they all disappeared the same time, and they were all found concealed on the premises in various places a jury could reasonably find beyond a reasonable doubt that all of the articles found were those which had been stolen. Appellant having failed to give a satisfactory explanation of his possession of the watch and money which he claimed belonged to him, the evidence was sufficient to convict him of burglary.

▪ Appellant's contention that there was no evidence from which the jury could have determined the entry into the Trading Post was made during the nighttime is also without merit. Although there is no direct testimony of anyone discovering the entry before daybreak, nevertheless the evidence disclosed that appellant was at a party until 1:30 or 2:00 a.m. of July 13, and that at about 3 o'clock someone was heard to enter the house in which appellant lived and shortly thereafter was seen to stand on his bed and reach up to the ceiling for something. From all these circumstances the jury could reasonably find beyond a reasonable doubt that appellant had entered the store sometime between 2 and 3 a.m. of July 13 with the intent to commit larceny.

Affirmed.

2. State v. Crowder, 114 Utah 202, 197 P. 2d 917.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

HENRIOD, J., dissenting.