STATE of Utah, Plaintiff and Respondent,

v.

Alan Douglas ASAY, Defendant and Appellant.

No. 16973.

Supreme Court of Utah.

May 21, 1981.

---

Steven L. Hansen, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals his conviction of theft of an operable motor vehicle, a second degree felony.[1]

On the evening of July 10, 1979, at approximately 8:30 p. m., the owner of the automobile in question parked it in the vicinity of Trolley Square in Salt Lake City. Some two hours later, he returned to find the automobile missing.

At about 11:30 p. m. on the same evening, two unidentified individuals were observed placing the automobile in a Davis County storage shed. The following day, at about 1:30 p. m., defendant was accosted by police officers as he was emerging from the shed with the hood of the stolen automobile. Defendant claimed that he was the owner of the automobile, the title to which he had at home. This proved to be false.

At trial, defendant testified that some three weeks before the theft, two hitchhikers had told him they had some auto parts and that they had called him at 6:00 p. m. on the day of the theft to inform him that the parts were then available. Defendant told them that he had a date, but met them and gave them a key to his shed. Thereafter, in defendant's absence, the hitchhikers brought and left, not the "parts," but an entire automobile. Defendant maintained that he did not know the hitchhikers, nor of their present whereabouts.

On appeal, defendant seeks reversal and acquittal on the following points:

1. Failure properly to instruct the jury:

a) with respect to intent,

b) as to the theory of his defense, and

c) with respect to recently stolen property;

2. Error in admitting "hearsay" or "immaterial" evidence; and

3. Insufficiency of the evidence.

The court's instructions to the jury that bear upon the requisite intent or mental state as an element of the offense of theft read, in pertinent part, as follows:

Before you can convict the defendant of the crime of Theft, you must find from the evidence, beyond a reasonable doubt, all of the following elements of the crime:

\* \* \* \* \* \*

---

1. In violation of U.C.A., 1953, 76–6–404 and 76–6–412(1)(a)(ii); the Information cited U.C.A., 1953, 76–6–412(1)(a)(i), which relates to theft of property valued in excess of $1,000. However, the Information then goes on to specify theft of an operable motor vehicle, and as no specific testimony addressed the value of the vehicle, we assume the discrepancy was an oversight. In any event, the trial court required the state to prove theft of an operable motor vehicle.

4. [That the Defendant] Did commit the offense of theft, in that he did obtain or exercise unauthorized control over the property of another, towit [sic], an automobile in operable condition, with the purpose to deprive the owner thereof, . . .

█ Defendant's contention that the necessary element of *mens rea* or intent to steal is not contained in the foregoing instruction is derived from the common-law definition of larceny, commonly stated as the trespassory taking and carrying away of the personal property of another with the intent to steal the same.[2] However, Utah statutory law provides that a person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.[3] The statute sets forth both the forbidden act and the requisite mental state necessary to constitute the offense. The wording of the given instructions recited the statutory elements of the offense of theft nearly verbatim. Hence, no error is contained therein.

Defendant proffered a jury instruction pertaining to his theory of the case that he had an honest claim of right to the automobile. The court declined to give the instruction *per se*, noting thereon that it was "given in substance" elsewhere. Such an instruction as was proposed was, in effect, contained in the intent to steal instruction discussed, *supra*. Had his theory of the case been supported by any substantial evidence,[4] such as an open-market purchase, a specific instruction on "honest belief" would have been in order. The evidence that was offered was not only inconsistent, but also contradictory to known facts. This is evident by defendant's testimony that the hitchhikers called at 6:00 p. m. advising that they had the "parts" they delivered to the shed, when in fact the "parts" (the automobile) were in the owner's possession for some two hours after that time.

The court gave a further jury instruction, founded upon a statutory provision [5] which bears upon defendant's theory of the case. It reads as follows:

You are further instructed that one who is found to be in possession of property recently stolen, may be found to be the guilty person unless he gives a satisfactory explanation of his possession thereof.

The foregoing instruction specifically focused the attention of the jury upon defendant's explanation of the event. As was its prerogative, the jury simply concluded that defendant's explanation was not believable, and the facts of the case reasonably support their conclusion.

Defendant's final contention relating to the instructions given the jury also deals with the above charge. Defendant claims that the wording of the instruction improperly creates the impression that, once the state has produced evidence showing defendant to be in possession of recently stolen property, the burden of proof shifts to the defendant to satisfactorily explain such possession. Defendant contends that the state should be held to show beyond a reasonable doubt not only that the defendant was in possession of stolen property, but that his explanation therefor is unsatisfactory.

█ While the burden of persuasion may not be shifted to the defendant,[6] to suggest that either the instruction given or the statute which supports it does so, is to misconstrue the nature of the statute's application.

2. Perkins on Criminal Law, second ed. (1969), p. 234.

3. U.C.A., 1953, 76–6–404.

4. *State v. Hendricks*, Utah, 596 P.2d 633 (1979); *State v. Castillo*, 23 Utah 2d 70, 457 P.2d 618 (1969); *State v. Johnson*, 112 Utah 130, 185 P. 738 (1947).

5. U.C.A., 1953, 76–6–402(1) provides that possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

6. *State v. Wood*, 2 Utah 2d 34, 268 P.2d 998 (1954); *State v. Little*, 5 Utah 2d 42, 296 P.2d 289 (1956).

Under the statute, proof of possession of recently stolen property by defendant constitutes only prima facie evidence of a further element of the alleged offense, i. e., the identity of defendant as the thief. "Prima facie evidence" is commonly defined as "[s]uch evidence as, in the judgment of the law is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or depose, and which if not rebutted or contradicted, will remain sufficient," [7] or more simply as a "sufficiency of evidence to go to the jury." [8] Thus, in the case at hand, a showing by the state that defendant was in possession of the automobile, coupled with an unsatisfactory explanation of such possession, is sufficient, without more, to defeat a claim that the state failed as a matter of law to establish defendant's identity as the thief. The statute does not operate to create a presumption, permissive or otherwise, regarding the credibility or weight of the evidence so created; such lies within the province of the jury.[9] The instruction adequately communicates this by pointing out that, upon finding that defendant had possession of the automobile, and that his explanation therefor was unsatisfactory, that the jury *may* regard defendant as the guilty person.[10] We therefore find no error in the instruction as given.

■ Defendant next asserts as error the admission at trial of the contents of a police report indicating that defendant knew, at the time of his arrest, that the automobile was stolen. Detective Leonard of the Davis County Sheriff's Office had testified that he had been called to investigate the matter, and that defendant had admitted to him at the scene of the arrest that the vehicle was stolen. The defense then called William Carlson, a private investigator, who testified that, in a recent conversation with

Detective Leonard, he had inquired regarding defendant's statements at the time of the arrest, to which Detective Leonard had responded that the defendant had made no representations whatever. Upon cross-examination of Mr. Carlson, the state produced a police report prepared immediately following arrest, in which Detective Leonard had made an assertion consistent with the one given on the witness stand relating to defendant's admission. Defendant objected to the admission of the police report's contents on the grounds that it constituted hearsay.

The prior statement of Detective Leonard as recorded in the police report is indeed hearsay, it being an extrajudicial statement which is offered to prove the truth of the matter stated.[11] However, it readily falls within a specific exception to the inadmissibility rule, which provides that a prior statement of the witness is admissible if it will support testimony made by the witness at trial when such testimony is challenged.[12] Detective Leonard made an in-court declaration regarding an admission made by defendant at the scene of the arrest which the defendant sought, by extrinsic evidence, to impeach. It was therefore permissible for the state to seek to rehabilitate Detective Leonard's testimony by introducing his prior consistent statement.

■ Defendant's final point on appeal attacks the verdict on the sufficiency of the evidence. This Court will set aside a jury verdict only upon a showing that the evidence was such that, as a matter of law, reasonable minds would be constrained to entertain a reasonable doubt of guilt.[13] The evidence in this case does not meet such a standard. The state established a prima facie case by competent, admissible and compelling evidence. Defendant saw

---

**7.** Black's Law Dictionary, fifth ed. (1979).

**8.** Wigmore on Evidence, Sec. 2494, p. 294.

**9.** *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

**10.** *Id.*

**11.** Rule 63, Utah Rules of Evidence.

**12.** Rule 63(1)(c), Utah Rules of Evidence.

**13.** *State v. Granato*, Utah, 610 P.2d 1290 (1980); *State v. Gorlick*, Utah, 605 P.2d 761 (1979); *State v. Daniels*, Utah, 584 P.2d 880 (1978).

fit to testify in his own behalf, and the jury was not obligated to believe his testimony.

Defendant points to the lack of direct testimony that the automobile was operational at the time of its theft. Inasmuch as it was uncontradicted that the automobile was stolen between 8:00 and 10:30 p. m. and was observed being driven into defendant's shed at 11:30 p. m. on the same evening, the jury was at liberty to infer that it was operational at the time of the theft.

Defendant also contends that the only evidence connecting him to the theft was his possession of the recently stolen automobile. However, the record contains other corroborative evidence, not the least of which is the following: 1) defendant's own explanation of his possession, 2) his concealment of the automobile and partial dismantlement, 3) his false claim of ownership and evidence of title, and 4) his admission to Detective Leonard of his knowledge that the automobile was stolen.[14]

The conviction and judgment are affirmed.

HOWE, J., and CALVIN GOULD, District Judge, concur.

STEWART, J., concurs in the result.

MAUGHAN, C. J., does not participate herein; GOULD, District Judge, sat.

CROCKETT, J., heard the arguments, but retired before the opinion was written.

_____

**14.** See *State v. Kinsey*, 77 Utah 348, 295 P. 247 (1931); *State v. Thomas*, 121 Utah 639, 244 P.2d 653 (1952).